No. 13008

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

EVELYN GRABS,

Plaintiff and Appellant,

-vs-

MISSOULA CARTAGE COMPANY, INC.,

Defendant and Respondent.

---

Appeal from: District Court of the Fourth Judicial District,
Hon. Edward T. Dussault, Judge presiding.

Counsel of Record:

For Appellant:

Tipp and Hoven, Missoula, Montana
Douglas G. Skjelset argued, Missoula, Montana

For Respondent:

Garlington, Lohn and Robinson, Missoula, Montana
Larry E. Riley argued, Missoula, Montana

---

Submitted: December 2, 1975

Decided: FEB -2 1976

Filed: LB 4 3/h

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff Evelyn Grabs appeals from a judgment in favor of defendant Missoula Cartage Company, Inc., based on a jury verdict rendered in Ravalli County, January 3, 1975. The relevant facts were agreed to by the parties and are generally set forth in the pretrial order.

On May 2, 1973, plaintiff Grabs was driving her 1972 Chrysler automobile from Hamilton, Montana, toward Missoula proceeding north on U. S. Highway 93. Her destination was her home located northwest of a place commonly known as Beer Can Hill, which can be reached by turning at the Blodgett Creek Road, approximately one and one-half miles from Hamilton, near an exit leading to the Tolman Meat Company premises. It was a clear afternoon and visibility was normal.

At this particular point along the route, U.S. Highway 93 turns temporarily 90° to the west for about 1,000 feet. The next 360 feet of highway is occupied by a bridge, and 360 feet from the end of the bridge the highway again bends 90° and returns to its northerly course. In the approximate middle of this final curve toward the north, lies the Blodgett Creek Road exit leading toward Beer Can Hill and plaintiff's residence.

On the day of the collision, plaintiff signaled a left turn as she passed the middle of the bridge and glanced in her rear view mirror. She then saw defendant's vehicle, a 1969 Auto Car semi-tractor with trailer, carrying 39 tons of wood chips, which at that moment was passing a local bar about one-fifth of a mile from plaintiff's position. Plaintiff's car rounded the curve and slowed near the Blodgett Creek Road turnoff. It stopped to wait for a red pickup truck which appeared to be approaching at a speed, later established, at about 50 miles per hour. Moments

later, she was hit from behind by defendant's vehicle. The collision occurred in the right hand lane of traffic. Both vehicles were pointed north at the time of the accident. Plaintiff received treatment from both a general practitioner and an orthopedic surgeon shortly after the accident. She also received certain treatment as an outpatient at a hospital in Hamilton.

At trial, defendant admitted the negligence of its driver, but contended the case was proper for jury consideration on the issue of whether or not plaintiff was contributorily negligent. Plaintiff's motions for directed verdict and for judgment notwithstanding the verdict were denied by the district court. Plaintiff contends these rulings were improper and that her conduct could not have constituted contributory negligence as a matter of law. We agree.

The power of the district court to direct a jury verdict is controlled by section 93-5205, R.C.M. 1947, which states:

> "Where, upon the trial of an issue by a jury, the case presents only questions of law, the judge may direct the jury to render a verdict in favor of the party entitled thereto."

The classic test employed to determine whether a question is one of fact or law, involves the application of a rule of reason. Where reasonable men could draw different conclusions from the presented evidence, the question is one of fact. But if only one conclusion could reasonably be drawn, the question is one of law, properly resolvable through the procedural device of directed verdict. Shields v. Murray, 156 Mont. 493, 481 P.2d 680; Pickett v. Kyger, 151 Mont. 87, 439 P.2d 57; Bridges v. Moritz, 149 Mont. 273, 425 P.2d 721; Parini v. Lanch, 148 Mont. 188, 418 P.2d 861; Holland v. Konda, 142 Mont. 536, 385 P.2d 272.

Reduced to its fundamentals the defense of contributory negligence must be supported by proof that plaintiff was negligent, and that such negligence was the proximate cause of the injuries. Gilleard v. Draine, 159 Mont. 167, 496 P.2d 83; De Verniero v.

Eby, 159 Mont. 146, 496 P.2d 290; Jackson v. William Dingwall Co., 145 Mont. 127, 399 P.2d 236; Thompson v. Llewellyn, 136 Mont. 167, 346 P.2d 561.

Defendant argues that plaintiff was contributorily negligent in that she failed to make her turn, though she might reasonably have done so in light of the uncontested facts. Defendant points out the oncoming pickup truck was approximately 300 yards from plaintiff's car when it stopped for the turn, and at the rate of 50 miles per hour the pickup would not have reached the turnoff for another twenty seconds. First, we determine whether or not plaintiff's failure to turn could reasonably constitute negligence under the law. Does the law permit such an inference under these circumstances?

In Montana, the term "negligence" is defined as a want of such attention to the nature or probable consequences of the act or ommission as a prudent man ordinarly bestows in acting in his own concerns. Section 19-103(16), R.C.M. 1947; Flansberg v. Montana Power Co., 154 Mont. 53, 60, 460 P.2d 263. The standard of conduct imposed on those alleged to have been contributorily negligent has historically been the same as that imposed on the negligent defendant. 2 Restatement of Torts 2d, § 464, Comment a.

The driver of a motor vehicle in Montana may not follow another vehicle "more closely than is reasonable and prudent" under the circumstances, section 32-2160, R.C.M. 1947. The law imposes several duties on those attempting left turns on two-way roadways. Such turns must be made from "that portion of the right half of the roadway nearest the center line thereof", section 32-2164(b), R.C.M. 1947, and only after the proper signal has been made, section 32-2167, R.C.M. 1947. The driver of a vehicle intending to turn left "shall yield the right of way to any vehicle approaching from the opposite direction" which is close enough to the intersection to constitute an immediate hazard,

- 4 -

section 32-2171, R.C.M. 1947. Section 32-2171 also has been interpreted as including a duty to maintain a proper lookout for vehicles approaching from the rear. Bellon v. Heinzig, 347 F.2d 4.

Defendant subscribes to the view that under these facts a jury should decide whether plaintiff's conduct fell below the standard of care by failing to in some way remove herself from the path of the oncoming truck by beginning the turn or at least by moving to some other place. Yet, defendant does not suggest, and there is no evidence, that plaintiff was in violation of any of the statutes cited heretofore, or that she was in any way negligent, other than her failure to turn, against her better judgment, in front of a vehicle approaching at the rate of 50 miles per hour.

It cannot be said, under the facts of this case, that an ordinarily prudent person would apprehend or anticipate, under the uncontested facts, the failure or inability of the truck driver to stop his vehicle before what became the point of impact. It has been established that one is not required to anticipate the negligence of another. Merithew v. Hill, 167 F.Supp. 320; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025. Regarding plaintiff's failure to begin her turn, we quote the words of Mr. Justice Stewart in Stevens v. City of Butte, 107 Mont. 354, 365, 85 P.2d 339:

> "In making a choice between two courses to pursue, one is not required to make the correct choice in light of after-events, but only such choice as a reasonably prudent person might make under the known or obvious circumstances. * * *"

The law does not contemplate a standard of care so lofty as to require the driver of a preceding vehicle to vacate its lawful location in order to clear the way for an admittedly negligent driver approaching from the rear. Such a rule, when carried to its logical extreme, would impose upon all vehicles legitimately

stopped for purposes of turning, the affirmative duty to stay clear of approaching traffic, regardless of the circumstances. To be sure, reasonable, safe and prudent drivers must always be aware of the traffic behind them, especially, as Bellon points out, when an approaching vehicle attempts to pass a preceding vehicle attempting to turn. But, the primary responsibility must be on those drivers who have the opportunity to detect the potentially hazardous situation ahead, sections 32-2160 and 32-2171, R.C.M. 1947. Erickson v. Perrett, _____Mont._____, _____P.2d_____, 33 St.Rep. 109.

The district court erred in denying the motion for a directed verdict. Cause is remanded to the district court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

Mr. Justice Frank I. Haswell dissenting:

I dissent. This is the second time in the past month that a majority of this Court has reversed a jury determination concerning negligence and proximate cause. See: Erickson v. Perrett, _____Mont._____, _____P.2d _____, 33 St.Rep. 109.

In the instant case the majority has decided as a matter of law that plaintiff was not guilty of contributory negligence when she stopped on a curve in the highway rather than completing a left turn onto a side road. Whether this conduct constituted ordinary care under all the circumstances of the case was for the jury to decide. So was the question of proximate cause. Where different conclusions are possible under the evidence, the court may not decide liability as a matter of law. These are my views of the law.

I would affirm the judgment based on the jury verdict.

_____
Justice.