No. 12994

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

_____

CLINTON SWEET,

Plaintiff and Appellant,

-vs-

KENNETH EDMONDS,

Defendant and Respondent.

_____

Appeal from: District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

Joseph P. Hennessey argued, Billings, Montana

For Respondent:

Crowley, Kilbourne, Haughey, Hanson and Gallagher,
Billings, Montana
Ronald R. Lodders argued, Billings, Montana

_____

Submitted: September 10, 1976

Decided: OCT 13 - 1976

Filed:

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by plaintiff Clinton Sweet from a judgment of the district court granting defendant Kenneth Edmonds' motion for a directed verdict. Plaintiff was injured when his automobile was struck by another automobile driven by defendant. Plaintiff's subsequent negligence action against defendant was tried in January 1975 before a jury in Yellowstone County. At the close of plaintiff's case in chief, defendant moved for a directed verdict on the grounds plaintiff was contributorily negligent and the proof was insufficient to show that any negligence on the part of defendant was a proximate cause of the collision. The district court granted defendant's motion. After careful examination of the record, we hold the district court should have allowed the case to go to the jury.

The collision occurred in the early morning hours at the intersection of Sixth Street West and Broadwater Avenue in Billings, Montana. At that point Broadwater was a four lane through street and there was a stop sign on Sixth. The posted speed limit was twenty-five miles per hour. The street was dry, the weather was clear, and the intersection was lit by a street light on the corner.

Plaintiff testified at the trial that he approached Broadwater from the south, stopped at the stop sign on Sixth, and looked in both directions for traffic. He said he was turning right onto Broadwater when he was hit from behind by defendant's automobile which was proceeding east on Broadwater in the far right hand lane. Plaintiff conceded he had a clear view to the west of about one city block when stopped at the intersection, but maintained he never saw defendant's automobile. Defendant testified he was driving about thirty miles per hour and saw plaintiff's automobile only a second before

the collision.

Defendant argues plaintiff violated the right-of-way rule established by section 32-2172, R.C.M. 1947, and was contributorily negligent as a matter of law by entering Broadwater when defendant's automobile was so close as to constitute an immediate hazard. The defense of contributory negligence, by definition, requires proof of both negligence and proximate cause. Grabs v. Missoula Cartage Co., ____ Mont. ____, 545 P.2d 1079, 33 St.Rep. 154; Gilleard v. Draine, 159 Mont. 167, 171, 496 P.2d 83. We said in Erickson v. Perrett, ____ Mont. ____, 545 P.2d 1074, 1077, 33 St.Rep. 109:

> "We note that the mere happening of an accident is insufficient evidence of negligence. Flansberg v. Montana Power Co., 154 Mont. 53, 58, 460 P.2d 263; Fries v. Shaughnessy, 159 Mont. 307, 310, 496 P.2d 1159. Further when the breach of a statutory duty is alleged, that duty required by statute must be the efficient or proximate cause of the damages for negligence to be predicated on the violation of the statute. Joki v. McBride, 150 Mont. 378, 436 P.2d 78; Rauh v. Jensen, 161 Mont. 443, 445, 507 P.2d 520."

Defendant has computed from testimony in the record concerning the point of impact and the respective speeds of the two vehicles that he was only about ninety-six feet away when plaintiff began turning onto Broadwater. As plaintiff testified he had a clear view to the west of about one city block, defendant concludes plaintiff was negligent in not seeing him and in the alternative that if plaintiff did see defendant's automobile he was negligent in turning onto Broadwater in the face of obvious danger.

On the other hand, plaintiff testified he stopped at the intersection, looked to the west, and did not see defendant's automobile. In Jessen v. O'Daniel, 136 Mont. 513, 523, 349 P.2d 107, we said:

" * * * A motorist is not required to look for
miles up a road in order to ascertain that there
are no vehicles approaching. All that is required
of him is that he look sufficiently far to be
sure that there are no approaching vehicles which,
in the mind of a reasonably prudent person, would
be likely to cause an accident if he proceeded
into the intersection."

It is undisputed that defendant was driving in excess of the

legal speed limit, a fact which plaintiff was not bound to

anticipate. Grabs v. Missoula Cartage Co., ____Mont.____,

545 P.2d 1079, 33 St.Rep. 154. Defendant also testified he

did not see plaintiff's automobile until immediately before

the collision. A favored driver cannot rely absolutely on his

right-of-way; he must act reasonably and maintain a proper look-

out. Flynn v. Helena Cab & Bus Co., 94 Mont. 204, 215, 21 P.2d

1105.

In McGuire v. Nelson, 167 Mont. 188, 195, 536 P.2d 768,

32 St.Rep. 600, we said:

"It has long been held by this Court that the
law does not favor directed verdicts and the
evidence therefore will be viewed in the light
most favorable to appellants, as having proved
what it tends to prove. Johnson v. Chicago,
M. & St. P. R. Co., 71 Mont. 390, 394, 230 P.
52. This Court has also long held that cases
should not be withdrawn from a jury unless
reasonable and fair-minded men could reach
only one conclusion from the facts. In re
Estate of Hall v. Milkovich, 158 Mont. 438, 492
P.2d 1388."

The facts here do not dictate that plaintiff was contributorily

negligent. We cannot say defendant's automobile was so close to

the intersection when plaintiff turned onto Broadwater as to

create an immediate hazard as a matter of law. Whether plaintiff

could reasonably expect to complete the turn safely was a question

for the jury. The jury should also have been allowed to deter-

mine whether plaintiff's actions were the proximate cause of the

collision rather than defendant's excessive speed or his failure

to keep a proper lookout.

Similarly, the directed verdict should not have been

granted on the basis that plaintiff failed to prove a causal relationship between defendant's acts and the collision. The evidence was undisputed that: (1) defendant was driving in excess of the legal speed limit; (2) he had been drinking prior to the collision; and (3) he did not see plaintiff's automobile until immediately before the collision. When viewed in a light most favorable to plaintiff, this evidence is sufficient to enable a jury to reasonably find defendant's conduct was the proximate cause of the collision.

The judgment is reversed and the cause is remanded for a new trial.

_____
Justice

We concur:

_____
Chief Justice

_____
Justice

- 5 -