JUSTICE SHEEHY,
dissenting:
When this case was before us previously, it was a entitled Linda M. Hart-Anderson, plaintiff, v. Geraldine C. Hauck and State Farm Insurance Company, defendants (1988), [230 Mont. 63,] 748 P.2d 937. Hart-Anderson had sued Hauck and her insurer, State Farm Insurance Company, because of the collision which occurred in Billings, Montana, December 6, 1982. It was the position of Hart-Anderson that Hauck was solely responsible for the collision, that Hauck’s insurer should have recognized her sole responsibility and paid the damages sustained by Hart-Anderson’s automobile, and that the failure of the insurer to quickly pay such claim was evidence of its bad faith in the handling of insurance claims.
On the first trial, the jury determined that Mrs. Hauck was negligent and her negligence was the proximate cause of the property damages suffered by Hart-Anderson; that Hart-Anderson was not negligent, and that as to comparative negligence Mrs. Hauck was 100 percent responsible and Linda Hart-Anderson was zero percent responsible. It found damages to Hart-Anderson’s car in the sum of $687.00; it found that Hart-Anderson had suffered emotional distress for which she was entitled to $25,000.00; and it found the insurer guilty of a breach of the Unfair Claims Settlement Act of *451 Montana and levied exemplary damages against the insurer in the sum of $687,000.00.
On the first appeal to this Court, no issue was made by defendant Hauck or her insurer as to findings of the jury that Hauck was 100 percent responsible for the collision.
The judgment in the first case was reversed on appeal on issues relating to the claim against the insurer and no issue was decided on appeal which would dispute the finding of 100 percent negligence on the part of Mrs. Hauck. Nonetheless the majority of this Court, in an opinion ill-considered as we pointed out in dissent, reversed the cause for a retrial of all issues, and directed that the cause be bifurcated as to any liability of the insurer.
From the record of this case then, we have the finding of the first jury that Mrs. Hauck was 100 percent negligent because of the collision; we have the testimony of a respected retired claims adjuster that Hauck was 100 percent in fault in the accident and that the plaintiff was not negligent at all; we have the testimony of Earl Hanson, an attorney practicing law in Billings, that under the facts of this case Hauck was 100 percent negligent; and now, as to the retrial, which is now on appeal, the opinion of the District Court that the case should not go to the jury because the negligence of Hauck was so clearly established.
None of these circumstances deter the majority from ordering a new trial on the issue of negligence!
The District Court in this case granted the motion for directed verdict as to Hauck’s negligence because whether one accepted her version of the incident or that of the other witnesses, she was nonetheless solely responsible for the accident. The majority here has manufactured an issue of fact in stating “Defendant testified that plaintiff’s vehicle was stopped in front of her as she turned the corner, and that the impact occurred on Tenth Avenue.” That statement ignores that this case does not concern a sudden stop nor even a following-too-closely situation. Here the defendant Hauck had one-half to one-quarter of a block to see the danger and avoid the collision. Hauck had the primary responsibility to avoid the collision in that situation.
In Grabs v. Missoula Cartage Company, Inc. (1976), 169 Mont. 216, 219, 221, 545 P.2d 1079, 1081, 1082, this Court stated:
“The classic test employed to determine whether a question is one of fact or law, involves the application of a rule of reason. Where reasonable men could draw different conclusions from the presented *452 evidence, the question is one of fact. But if only one conclusion could reasonably be drawn, the question is one of law, properly resolvable through the procedural device of directed verdict.
“But the primary responsibility must be on those drivers who have the opportunity to detect the potentially hazardous situation ahead. (Citing authority.)”
In Custer Broadcasting Corp. v. Brewer (1974), 163 Mont. 519, 521-522, 518 P.2d 257, 259, the Court said:
“However, in cases where a driver of a vehicle is following another vehicle too closely, we follow the doctrine that the primary duty of avoiding a collision rests upon the following driver.”
This case is controlled by the provisions of § 61-8-329, MCA, which provides:
“Following too closely. (1) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.”
In this case, Geraldine Hauck, following on an icy street, as the testimony shows, almost three-quarters of a block behind the Hart-Anderson vehicle, failed to keep her vehicle under control so as to avoid colliding with the Hart-Anderson vehicle. There can be no other conclusion but that she is 100 percent responsible.
District judges of this state are in an intolerable position because of the continuing pattern of this Court to set its face against all recoveries by plaintiffs whether by judge or by jury. Here, under the cases cited above in this dissent, the District Court would have been subject to reversal if it had not granted a directed verdict. Yet here the District Court has been reversed for following the law and granting a directed verdict. In this state we don’t need tort reform; what is wanting is court reform.
I would affirm. Two trials are enough already.
JUSTICE HUNT concurs in the foregoing dissent of JUSTICE JOHN C. SHEEHY.