No. 96-698

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997




BETTY ROE,

Plaintiff and Appellant,

v.

COLLEEN KORNDER-OWEN,

Defendant and Respondent.




APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John R. Christensen, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

William Conklin; Conklin, Nybo, LeVeque & Murphy;
Great Falls, Montana

For Respondent:

Jean E. Faure; Church, Harris, Johnson & Williams;
Great Falls, Montana



Submitted on Briefs: March 20, 1997

Decided: April 24, 1997
Filed:


_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The appellant, Betty Roe, filed a claim for damages based on the alleged negligence of the defendant, Colleen Kornder-Owen, in the District Court for the Eighth Judicial District in Cascade County.  Kornder-Owen filed a motion for summary judgment and, after a hearing, the District Court granted that motion.  Roe appeals the order granting summary judgment.  We affirm the judgment of the District Court.

The issue on appeal is whether the District Court erred when it granted summary

judgment in favor of Colleen Kornder-Owen.

### FACTUAL BACKGROUND

On September 16, 1991, the vehicles being operated by Betty Roe and Colleen Kornder-Owen collided at the intersection of Second Avenue South and Third Street in Great Falls. Roe was driving north on Third Street and attempted to cross Second Avenue South, a through street with three driving lanes and two parking lanes. Meanwhile, Kornder-Owen was driving east on Second Avenue South. After Roe proceeded through the stop sign at the intersection, she collided with Kornder-Owen in the middle lane of Second Avenue South. The front right side of Kornder-Owen's vehicle impacted with the driver's side door of Roe's vehicle.

After the collision, the investigating police officer cited Roe for failure to yield the right-of-way to traffic on a through highway, in violation of 61-8-341, MCA. In his written report, the officer noted that Kornder-Owen's vehicle left skid marks which measured approximately "12 paces" and that the sunlight from the east was "extremely bright." Finally, the report notes that the posted speed limit at that location was 25 m.p.h.

On September 15, 1994, Roe filed an action in the District Court in which she alleged that Kornder-Owen negligently caused the collision and her injuries.

During discovery, both Roe and Kornder-Owen testified by deposition. Kornder-Owen testified that immediately prior to the collision she changed from the south driving lane to the center lane, and that she did not see Roe's vehicle proceeding through the intersection until both vehicles were squarely in the center lane. Although she slammed on her brakes and swerved to the left, she was unable to avoid the collision. She also denied that she was speeding.

Roe testified that she stopped at the stop sign and saw Kornder-Owen's vehicle approaching the intersection from approximately one-half block away. She noticed that Kornder-Owen started to change lanes and, at that point, determined that she had an ample amount of time in which to cross the intersection. As she proceeded through the intersection, however, the two cars collided. She also testified that Kornder-Owen "must have speeded up to change lanes."

On April 3, 1996, Kornder-Owen filed a motion for summary judgment. Roe objected and contended that the following genuine issues of material fact preclude summary judgment: (1) whether Kornder-Owen failed to maintain an adequate lookout and to yield the right-of-way, pursuant to 61-8-341, MCA; and (2) whether Kornder-Owen drove in excess of the posted speed limit. In support of her contention, Roe submitted the affidavit of Dr. Denny Lee, a professor of physics at Montana State University. His affidavit states as follows:

> Based upon the results of that [EDCRASH] computer analysis, the laws of physics as they apply to accident reconstruction, and my years of experience in the field of accident reconstruction and in personally evaluating crush damage, it is my opinion that the Kornder-Owen vehicle was traveling at a speed of 27 to 29 mph, as a minimum, at the time it started leaving skidmarks on the pavement.

After a hearing, the District Court held that "[Kornder-]Owen was not negligent as a matter of law." On that basis, the District Court granted her motion for summary judgment.

### STANDARD OF REVIEW

Summary judgment is governed by Rule 56(c), M.R.Civ.P., which provides, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c), M.R.Civ.P.

This Court reviews an order which grants summary judgment de novo and applies

the same criteria as the district court. Fenger v. Flathead County (1996), 277 Mont. 507, 509-10, 922 P.2d 1183, 1184. The party moving for summary judgment has the initial burden of showing the absence of any genuine issue of material fact in light of the substantive principles that entitle it to judgment as a matter of law. Cecil v. Cardinal Drilling Co. (1990), 244 Mont. 405, 409, 797 P.2d 232, 234.

After the moving party has met its burden, the burden then shifts to the party opposing the motion to establish the existence of a genuine issue of material fact. Sprunk v. First Bank System (1992), 252 Mont. 463, 466, 830 P.2d 103, 104. The party opposing the motion must present facts of a substantial nature showing that genuine issues of material fact remain for trial. Wangen v. Kecskes (1993), 256 Mont. 165, 172, 845 P.2d 721, 726. "The opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy nor merely suspicions." Fleming v. Fleming Farms, Inc. (1986), 221 Mont. 237, 241, 717 P.2d 1103, 1105.

DISCUSSION

Did the District Court err when it granted summary judgment in favor of Colleen Kornder-Owen?

On appeal, Roe contends that the District Court erred when it granted summary judgment in favor of Kornder-Owen. Specifically, she asserts that the following genuine issues of material fact preclude summary judgment: (1) whether Kornder-Owen negligently failed to maintain an adequate lookout and to yield the right-of-way, pursuant to 61-8-341, MCA; and (2) whether Kornder-Owen negligently drove in excess of the posted speed limit.

KORNDER-OWEN'S ALLEGED FAILURE TO MAINTAIN
A LOOKOUT AND TO YIELD THE RIGHT-OF-WAY

Roe contends that, because Kornder-Owen failed to observe the presence of Roe's vehicle at the intersection until immediately prior to the collision, Kornder-Owen negligently failed to maintain an adequate lookout for oncoming traffic. Roe also claims that, once she legally and properly started to proceed through the intersection, it then became Kornder-Owen's responsibility, pursuant to 61-8-341, MCA, to yield the right-of-way and that Kornder-Owen negligently failed to comply with that responsibility.

Section 61-8-341, MCA, is entitled "Vehicle entering through highway or stop intersection" and provides, in relevant part, as follows:

(1) The driver of a vehicle shall stop as required by 61-8-344 at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.

Section 61-8-341(1), MCA.

In Montana, automobiles approaching an intersection are accorded the status of favored or disfavored drivers in order to facilitate the orderly movement of traffic. A favored driver cannot ignore obvious dangers by blindly relying on her right-of-way, DeVerniero v. Eby (1972), 159 Mont. 146, 151-52, 496 P.2d 290, 292-93, but instead must maintain a proper lookout and use reasonable care. Pachek v. Norton Concrete Co. (1972), 160 Mont. 16, 24, 499 P.2d 766, 770. However, the favored driver has the right to assume that the disfavored driver will yield the right-of-way to her when the law so requires. Olson v. Parchen (1991), 249 Mont. 342, 347, 816 P.2d 423, 427. Therefore, it is not negligent for a motorist to fail to anticipate injury which can result only from a violation of law or duty by another. Slagsvold v. Johnson (1975), 168 Mont. 490, 493, 544 P.2d 442, 444.

In this case, Kornder-Owen was the favored driver and Roe was the disfavored driver. Roe, therefore, was required to stop and then to yield to "other vehicles which have entered the intersection . . . or which are approaching so closely . . . as to constitute an immediate hazard." Section 61-8-341(1), MCA.

Based on the facts in this case and the application of the aforementioned principles of law to those facts, we conclude that Roe owed Kornder-Owen a duty, pursuant to 61-8-341, MCA, to yield the right-of-way and that Roe failed to comply with that duty. Furthermore, we conclude that Kornder-Owen had the right to rely on Roe's compliance with 61-8-341, MCA, and that she was not required to anticipate Roe's violation of that statute. Therefore, we hold as a matter of law that Roe was negligent for failing to comply with 61-8-341, MCA, and that the predicate for imposition of a duty on Kornder-Owen to yield did not occur. To summarize, it was Roe's negligence, and not Kornder-Owen's, that caused the parties' collision.

KORNDER-OWEN'S ALLEGED VIOLATION
OF THE 25 M.P.H. POSTED SPEED LIMIT

Roe contends that at the time of the accident Kornder-Owen was driving in excess of the 25 m.p.h. posted speed limit and therefore, that Kornder-Owen was negligent. In support of her contention, she submitted the affidavit of Dr. Denny Lee, an expert witness, who opined that "the Kornder-Owen vehicle was traveling at a speed of 27 to 29 mph" at the time of the accident.

However, as previously stated, a party opposing summary judgment must allege facts which are material. In an action which alleges negligence, if the plaintiff fails to offer proof on any one of the elements of negligence--duty, breach, causation, and damages--then the action in negligence must fail and summary judgment in favor of the defendant is proper. Wiley v. City of Glendive (1995), 272 Mont. 213, 216, 900 P.2d 310, 312; Pappas v. Midwest Motor Express, Inc. (1994), 268 Mont. 347, 350, 886 P.2d 918, 920; White v. Murdock (1994), 265 Mont. 386, 389-90, 877 P.2d 474, 476. In other words, the fact that Kornder-Owen exceeded the speed limit by 2 to 4 m.p.h. is only material if there is evidence that that difference in speed contributed as a cause of the parties' collision. We held in Busta v. Columbus Hospital Corp. (1996), 276 Mont. 342, 371, 916 P.2d 122, 139, that when multiple causes of an event are alleged, the test of causation is whether the conduct in question was a substantial factor in bringing about the event.

After a review of the record, we conclude that Roe offered no evidence that the speed at which Kornder-Owen drove actually contributed as a cause of the parties' collision. In other words, Roe did not offer evidence that if Kornder-Owen had been going 25 m.p.h., rather than 27 or 29 m.p.h., the likelihood of a collision would have been reduced. Therefore, the difference of 2 to 4 m.p.h. was not proven to be material.

Roe contends that the judgment of the District Court must be reversed based on this Court's decisions in Sweet v. Edmonds (1976), 171 Mont. 106, 555 P.2d 504, and Ryan v. City of Bozeman (Mont. 1996), 928 P.2d 228, 53 St. Rep. 1258. However, we conclude that there are slight distinctions in the facts of both cases and, to the extent that they are similar, we conclude that the preferable rule is the one articulated in this case.

In Sweet, which also involved an intersection collision, the disfavored driver testified that before entering the intersection he looked in the direction from which the defendant driver approached, had a clear view for the distance of one city block, but did not see the defendant's automobile. Furthermore, it was undisputed that the defendant in that case was driving in excess of the legal speed limit, and the defendant's whereabouts in relation to the intersection when the plaintiff entered the intersection was undetermined. We held that under those circumstances there was a jury issue regarding whether the defendant's speed was the cause of the collision, as opposed to the disfavored plaintiff's failure to yield. Regarding the issue of causation, we found it significant that the defendant "had been drinking prior to the collision; and . . . he did not see plaintiff's automobile until immediately before the collision." Sweet, 171 Mont at 109, 555 P.2d at 506.

While the facts in Sweet are similar to those in this case, the extent to which the parties agreed the defendant had exceeded the speed limit was greater than is alleged in this case; and, in Sweet, even greater speed could be inferred from the fact that when plaintiff looked in the direction from which the defendant approached prior to entering the intersection, the defendant's vehicle was nowhere in sight. Although the Court's

reference to "drinking" in the Sweet case is nonspecific, it is also apparent that that fact played some role in the Court's decision. There is no allegation in this case that alcohol consumption was a factor.

In Ryan, the plaintiff collided with the defendant in an uncontrolled intersection in Bozeman. Plaintiff was the favored driver since she approached from the defendant's right. Following a jury trial, the jury found that each party was fifty percent negligent and that each parties' negligence contributed as a cause of the collision. The district court entered judgment for the plaintiff notwithstanding the jury's verdict after concluding that there was no basis in fact for finding that the plaintiff had been negligent. Ryan, 928 P.2d at 229, 53 St. Rep. at 1259.

On appeal, after observing that the speed limit at the location of the collision was 25 m.p.h., and that there was evidence that the plaintiff had been traveling as fast as 37 m.p.h. just before impact, we concluded that the district court erred when it held as a matter of law that plaintiff's speed was totally irrelevant to the question of causation. Ryan, 928 P.2d at 232, 53 St. Rep. at 1261. We held, without further elaboration, that under those circumstances the issue of whether the plaintiff's contributory negligence contributed as a cause of her injuries was a question for the jury's determination. Ryan, 928 P.2d at 232, 53 St. Rep. at 1261. We did not discuss in that opinion whether there was also expert testimony that exceeding the speed limit by nearly fifty percent would have contributed as a cause of the parties' collision. Therefore, it is unclear whether our decision in Ryan was based on evidence which has not been presented in this case, or whether we assumed from the record that had the plaintiff been traveling 25 m.p.h., rather than 37 m.p.h., the collision would not have occurred as it did. To the extent that the former is true, the distinction between that case and this case is self evident. To the extent that the latter is true, we incompletely analyzed the law of negligence and we decline to follow that decision.

In this case, Roe testified that when she first observed Kornder-Owen's vehicle at a distance of one-half block away, it did not appear to be traveling in excess of the speed limit, but that Kornder-Owen must have accelerated when she switched lanes. In other words, although the plaintiff did not personally observe the defendant driving at what appeared to be an excessive rate of speed, she assumed that speed must have been excessive from the fact that a collision occurred. Even the plaintiff's efforts to prove excessive speed based on post-accident reconstruction demonstrated, at most, that Kornder-Owen exceeded the speed limit by 2 to 4 m.p.h. In the short distance from which the defendant was first observed to the point at which the collision occurred, a difference of 2 to 4 m.p.h. may or may not have contributed as a cause of the collision. On the state of the record, the District Court was left to do nothing but speculate. If the speed at which Kornder-Owen was traveling did not contribute as a substantial factor to the parties' collision, then the fact that she operated her motor vehicle at a speed of 27 to 29 m.p.h., as opposed to 25 m.p.h., was not material and did not satisfy the plaintiff's burden of demonstrating a material factual issue.

We conclude, based on the record before us, that the undisputed cause of the collision was Roe's breach of her duty, pursuant to 61-8-341, MCA, to stop and then to yield to other vehicles which "were approaching so closely . . . as to constitute an immediate hazard."

Accordingly, we hold that the District Court did not err when it granted summary judgment in favor of Colleen Kornder-Owen. The judgment of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE
/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ KARLA M. GRAY