JUSTICE RICE
concurring in part and dissenting in part.
¶41 I concur with the Court’s holdings on Issue 1 and Issue 2, but dissent from the holding on Issue 3. I agree with the District Court that Fitzgerald’s negligence exceeded any negligence that might be found on the part of Contreras and would affirm the judgment entered herein.
¶42 Although negligence is usually considered a question of fact to be resolved by trial, where reasonable minds cannot differ, negligence can be determined as a matter of law. Pappas v. Midwest Motor Express, Inc. (1994), 268 Mont. 347, 886 P.2d 918. In regard to causation, “where the plaintiffs own negligence contributed to the accident or injury, proximate causation can be determined as a matter of law if the comparative negligence of the plaintiff exceeds the negligence of the defendant. ... This is so because if the plaintiffs own negligence exceeds the defendant’s, the plaintiff could not prove by a preponderance of the evidence that it was the defendant’s negligence that proximately caused the injury.” Pappas, 268 Mont, at 351, 886 P.2d at 920 (citation omitted).
¶43 Driving on a highway she had traveled some 100 times previously, Fitzgerald drove by two clearly identifiable no-passing signs, initiated a pass in a no-passing zone without first observing anything indicating a resumption of the passing area, failed to properly account for the possibility of other vehicles entering the highway from intersecting roadways, executed the pass in road conditions poor enough that she could not identify highway markings, and' collided with Contreras ■within the no-passing zone. In my view, “reasonable minds cannot differ” that Fitzgerald’s negligence exceeded any negligence which may be inferred on the part of Contreras, and constituted the proximate cause of the accident.
¶44 Fitzgerald contends that Contreras violated §§ 61-8-341 and 61-8-343, MCA, by failing to yield the right of way to Fitzgerald. Not explaining what “right” she could possibly have to be in the no-passing zone, Fitzgerald nonetheless claims that Contreras caused the accident.
¶45 The Court was faced with similar arguments in Roe v. Kornder-Owen (1997), 282 Mont. 287, 937 P.2d 39. There, Plaintiff Roe stopped at a stop sign and then proceeded into an intersection, where she collided with Defendant Kornder-Owen, who had advanced to the intersection while proceeding on a through street. Roe contended that Komder-Owen had negligently failed to maintain an adequate lookout *269 and yield the right of way after Roe had entered the intersection. The Roe Court, as the majority opinion notes, first explained that it was Komder-Owen’s responsibility to not “ignore obvious dangers by blindly relying on her right-of-way ... but instead must maintain a proper lookout and use reasonable care.” Roe, 282 Mont, at 291-92,937 P.2d at 42 (citation omitted). However, the Roe Court went on to conclude:
However, the favored driver [Kornder-Owen] has the right to assume that the disfavored driver [Roe] will yield the right of way to her when the law so requires [citation omitted]. Therefore, it is not negligent for a motorist to fail to anticipate injury which can result only from a violation of law or duty by another.
[W]e conclude that Kornder-Owen had the right to rely on Roe’s compliance with § 61-8-341, MCA, and that she was not required to anticipate Roe’s violation of that statute. Therefore, we hold as a matter of law that Roe was negligent for failing to comply with § 61-8-341, MCA, and that the predicate for imposition of a duty on Kornder-Owen to yield did not occur. To summarize, it was Roe’s negligence, and not Kornder-Owen’s, that caused the parties’ collision.
Roe, 282 Mont, at 292, 937 P.2d at 42-43 (emphasis in original).
¶46 Likewise, the predicate for imposition of the duty which Fitzgerald seeks to impose upon Contreras in this matter does not exist. Fitzgerald had no right to be in Contreras’ pathway, and as in Roe, the law imposed no duty upon Contreras to anticipate Fitzgerald’s violation of the statute that placed Fitzgerald there. Rather, Contreras had the right to rely on Fitzgerald’s compliance with the statute. Furthermore, any negligence that could be inferred on the part of Contreras for failing to recognize that Fitzgerald was in her pathway when she turned onto the highway was clearly exceeded by the grossly negligent actions of Fitzgerald, detailed above. While courts must be careful about making such comparisons, the evidence here leaves no doubt in my mind that the District Court reached the correct conclusion.
¶47 For these reasons, I would affirm the District Court.