JUSTICE NELSON
dissents.
¶57 I respectfully dissent. Believing that instructional error mandates a new trial, my dissent focuses only on Issue 4, the refused causation jury instruction discussed at ¶¶ 20-26 of the Court’s Opinion.
¶58 First, as a preliminary matter, I believe J anice properly preserved this issue for appeal. The majority holds at ¶ 25 that Janice withdrew Proposed Instruction No. 10 as indicated by the transcript and the docket hearing entry of June 8, 2001. However, the transcript discussion after Janice’s supposed withdrawal clearly indicates Janice wished to preserve the issue for appeal because her attorney continued to discuss and emphasize the application of the multiple cause theory to Janice’s case. Therefore, although it appears from the record that J anice’s attorney inadvertently withdrew Proposed Instruction No. 10, his substantive argument makes clear that he wished to preserve this issue for appeal. The majority implicitly concedes this point by stating at ¶ 25 “even if we assume for the sake of argument that [Janice preserved the issue for appeal].” Further, by actually addressing the refusal of the jury instruction, the majority is unclear whether or not the rest of ¶¶ 25 and 26 is dicta.
¶59 Turning to the merits of whether the causation jury instruction offered by Janice should have been given, I believe Janice raises an important issue this Court has not previously addressed and that must be addressed on the facts of this case. According to the record, the parties to this case agreed that duty, breach, and the existence of damages were undisputed. Therefore, the only liability issue submitted to the jury in this case was causation: whether or not the City of Great Falls’ negligence caused Ron’s death. The disputed instruction offered by Janice was directly addressed to the issue of causation and, as the *486 majority notes at ¶ 20 in its framing of the issue, the instruction was central to the theory of Janice’s case.
¶60 In order to determine whether refusal to give the instruction was an error, some background on the purpose and structure of cause-in-fact tests is appropriate.[1] Normally, causation is determined by the “but for” test. In other words, a defendant is not liable unless the damages suffered by the plaintiff would not have occurred “but for” the defendant’s negligent breach of duty. When there are joint or concurrent negligent causes of a victim’s harm, but none of the acts standing alone would have been sufficient to cause the harm, the but for test is used because the victim would still not have suffered the harm but for each cause with the combined conduct viewed as a whole. See W. Page Keeton et al., Prosser and Keeton on Torts, § 41 p. 268 (5th ed. 1984) (hereinafter KEETON). However, the burden shifts to the defendants to prove proportional responsibility once the plaintiff proves that each defendant was a possible negligent cause. KEETON, § 41 p. 270-72.
¶61 In contrast, when two or more causes could have each independently brought about a plaintiffs damages, the ‘Taut for” test is inadequate because it allows a negligent defendant to escape liability, i.e., “but for” the defendant’s negligence, the plaintiff might still have suffered the same damages because of the other cause. As a result of this failing, the “substantial factor” test has developed to allow a finding of causation when a defendant’s negligence was a “substantial factor” in causing the plaintiffs harm. KEETON, § 41 p. 266-67. This test allows a jury to find causation, and therefore liability, when any one of the possible causes alone would have been sufficient to cause the injury. The example typically used to illustrate this scenario is a fire with two possible causes. A lightening bolt and sparks from a train each ignite different foliage and join to become a fire destroying the victim’s property. Using the “substantial factor” test rather than the “but for” test to judge causation allows a jury to find the railroad’s negligent maintenance of foliage caused the victim’s damages even though the lightening bolt may have caused the same damage anyway-i.e., the railroad’s negligence alone could have caused the same damages. KEETON, § 41 p. 266-67; Anderson v. Minneapolis, St. P. & S. S. M. Ry. Co. (Minn. 1920), 179 N.W. 45, 46-48.
*487 ¶62 In sum, when discussing the causation in fact aspects of a claim, the terms “but for” and “substantial factor” are used as terms of art to indicate the basic type of situation involved and the contrasting causation in fact tests.
¶63 In this case, the parties agree that Montana has adopted both of these causation tests, as is reflected in the Montana Pattern Jury Instructions (MPI). See MPI 2.06A and 2.06B. Further, the City agreed to a substantial factor instruction under the facts of this case because Ron could have died either from his illness or from the City’s negligence. And, as the majority notes, the District Court gave a “substantial factor” instruction. However, the issue Janice raises is not whether a substantial factor instruction should have been given instead of a but for instruction. Rather, the issue Janice raises is whether or not specific wording in a “substantial factor” instruction must be given in order to properly explain to the jury what can constitute a “substantial factor.” This issue has never been addressed by this Court.
¶64 In support of her argument, Janice and amicus Montana Trial Lawyers Association (MTLA) assert the jury should have been given an instruction patterned after Restatement (Second) of Torts § 432 (1965). Based on this section and Montana’s case law dealing with “substantial factor,” Janice points to a critical error implied by this Court in Rudeck v. Wright (1985), 218 Mont. 41, 709 P.2d 621, then made explicit in Nyriss v. State (1985), 218 Mont. 162, 707 P.2d 5, and, finally, carried through in numerous cases since. See ¶ 12 infra (citing cases).
¶65 In Rudeck, Montana was first presented with a case demonstrating the “but for” test for causation does not properly address every situation. After discussing the inadequacies of the “but for” test under the facts of that case, the Court properly concluded the substantial factor test was appropriate. Rudeck, 218 Mont. at 52-54, 709 P.2d at 628-29. However, in adopting the substantial factor test, the Court erroneously adopted a jury instruction which used the language of Restatement (Second) of Torts § 431 (1965), which is actually not the Restatement’s version of the substantial factor test. Further, the Court made this conclusion regarding the substantial factor test even though the briefs of the parties indicate that what was really at issue was whether or not a proximate cause instruction *488 should have been given because of alleged intervening causes.[2] Then, to compound the error, this Court in Kyriss explicitly stated that the language of § 431 was the proper language for a substantial factor instruction. Kyriss, 218 Mont. at 168, 707 P.2d at 8.
¶66 By incorrectly adopting the language of § 431, the Court set the stage for the error at issue in this case. As mentioned, § 431 of the Restatement is NOT the Restatement’s articulation of the “substantial factor” test. Indeed, the Restatement does not even use “but for” and “substantial factor” as terms of art. See Callahan v. Cardinal Clennon Hosp. (Mo. 1993), 863 S.W.2d 852, 860-63 (fully explaining the difference between the Restatement’s terms of art and Keeton’s terms of art). Rather, the Restatement uses the phrase “substantial factor” in § 431 simply as its explanation that causation is a required element of a claim in tort.[3] Section 431 reads: “The actor’s negligent conduct is a legal cause of harm to another if... his conduct is a substantial factor in bringing about the harm.” Cf. MPI 2.06B. The Restatement then goes on to articulate its versions of the “but for” test and the substantial factor test in the next section, § 432. The “but for” test is in § 432(1): “Except as stated in subsection (2), the actor’s negligent conduct is not a substantial factor in bringing about harm to another if the harm would have been sustained even if the actor had not been negligent.” The “substantial factor” test is in § 432(2): “If two forces are actively operating, one because of the actor’s negligence, the other not because of any misconduct on his part, and each of itself is sufficient to bring about harm to another, the actor’s negligence maybe found to be a substantial factor in bringing it about.”
¶67 As the language of these two sections shows, the but for test and the substantial factor test have specific, but different, requirements. *489 Further, the substantial factor test is used when two or more forces could each independently bring about the harm. By relying on the language of § 431 rather than § 432(2) and by failing to address the Restatement’s use of the term “substantial factor,” the opinions in Rudeck and Kyriss fail to address the critical distinction between the “but for” test and the “substantial factor” test, even though both opinions adopted the substantial factor test.
¶68 Further, our later cases relying on Rudeck and Kyriss exacerbate the problem by allowing the substantial factor test to be applied anytime there is more than one cause, rather than only when there are multiple causes which independently could have brought about the result. Compare White v. Murdock (1994), 265 Mont. 386, 392, 877 P.2d 474, 478 (“each of several acts, alone, could have caused the damages”)(emphasis added); Bickler v. Racquet Club Heights Assocs. (1993), 258 Mont. 19, 23, 850 P.2d 967, 970 (“because the conduct of one or more others would have been sufficient to produce the same result”)(emphasis added); Kitchen Krafters, Inc. v. Eastside Bank (1990), 242 Mont. 155, 167, 789 P.2d 567, 574 (“If two causes concur to bring about an event, and either one of them, alone, would have been sufficient to cause the identical result, some other test is needed. In response to this problem, the courts have developed the ‘substantial factor test.’”); Young v. Flathead County (1988), 232 Mont. 274, 282, 757 P.2d 772, 777; and Juedeman v. Montana Deaconess Med. Ctr. (1986), 223 Mont. 311, 318, 726 P.2d 301, 305; with Busta v. Columbus Hosp. Corp. (1996), 276 Mont. 342, 364, 916 P.2d 122, 135 (“if two or more causes concur to bring about an event, then cause-in-fact is established by the ‘substantial factor’ test”); Roe v. Kornder-Owen (1997), 282 Mont. 287, 293, 937 P.2d 39, 43 (“when multiple causes of an event are alleged, the test of causation is whether the conduct in question was a substantial factor in bringing about the event”)[4].
¶69 Despite the lack of precision in the above Montana cases regarding the substantial factor test, other states have dealt with these causation issues by simply ignoring the distinction between the “but for” and “substantial factor” tests altogether. For example, California uses the substantial factor instruction, i.e., the general instruction *490 articulated by Restatement § 431, for all cases no matter what the type. See 1BAJI, CALIFORNIA JURY INSTRUCTIONS, 3.76, 3.77 (9th ed. 2002); see also Callahan, 863 S.W.2d at 863 (Missouri uses “direct” causation language for all cases).
¶70 For whatever merit there may be in the straightforward approach of using one test, at this point in time Montana endorses both a but for test and a substantial factor test. If we are to continue to use both tests, I would address the distinction between the two as articulated by the Restatement and Keeton and hold that the substantial factor test is allowed only when two causes could each independently bring about the eventual harm. Further, I would hold that our current substantial factor instruction as articulated in MPI 2.06B is inadequate because it does not define “substantial factor” for the jury as an independent cause. While I believe the language of § 432(2) is a correct statement of the substantial factor test, I believe other similar language would also suffice, i.e., “if this possible cause alone would have been sufficient to cause the injury, it may be a substantial factor.”
¶71 Turning to the facts of this case, Janice argues that a substantial factor instruction patterned after § 432(2)[5] was necessary because Ron might have died solely from the City’s negligence rather than from his preexisting condition. Because the intubation successfully restored oxygen to Ron’s blood and because Ron did not suffer any further oxygen deprivation due to his own symptoms before his death, Janice asserts the City’s negligence in failing to arrive at the scene earlier was the sole cause of Ron’s death. Accordingly, Janice asserts the City’s negligence could have independently caused Ron’s death even though his preexisting condition might also have caused it.[6] Janice asserts that the jury did not understand it could find the City’s negligence a cause even though Ron’s preexisting condition was also *491 a possible cause.
¶72 As the facts of this case indicate, where there is a preexisting condition combined with subsequent medical negligence, it is difficult to view the subsequent negligence as a purely independent cause for the reason that medical care is not sought unless there is some already existing problem that could end in harm. For example, in this case, the dispatcher’s admitted negligence would not have even occurred if not for Ron’s preexisting condition-i.e., Janice would not have needed to call for help except that Ron was in respiratory arrest.
¶73 The Restatement annotations to § 432 indicate that courts have generally endorsed the use of a substantial factor test for causation in these sorts of cases. See Bromme v. Pavitt (Cal. Ct. App. 1992), 7 Cal.Rptr.2d 608, 614 (because death could have been caused by preexisting cancer or failure to diagnose it, substantial factor test applies and plaintiff had to establish “reasonable medical probability’ that the negligence was sufficient of itself to bring about the death, i.e., the death was “more likely than not” the result of the negligence); Hilden v. Ball (Idaho 1989), 787 P.2d 1122, 1143 (the substantial factor instruction applies to medical negligence case, but it was harmless error to give a “but for” instruction when only one doctor’s negligent failure to administer oxygen before surgery was at issue). However, it appears that while the case law endorses a “substantial factor” test, many of the cases go on to use the general § 431 test rather than the specific test in § 432(2).
¶74 Further, various discussions also indicate that these types of cases are better addressed using a loss of chance type instruction because such an instruction logically follows the fact scenario involving a preexisting condition. See, e.g., Kyriss, 218 Mont. at 166, 707 P.2d at 7 (instruction given that “If you find that any negligent medical practice on the part of the Defendants substantially reduced the chances for saving Plaintiffs leg, then such a reduction in chance can be a part of the legal cause as defined in this instruction.”); Aasheim v. Humberger (1985), 215 Mont. 127, 695 P.2d 824 (adopting loss of chance instructions, citing Joseph H. King, Jr. Causation, Valuation, and Chance in Personal Injury Torts Involving Preexisting Conditions and Future Consequences, 90 Yale L.J. 1353, 1363 (1981) and discussing the causation difficulties presented by such cases); Hamil v. Bashline (Pa. 1978), 392 A.2d 1280 (discussing application of Restatement § 323 to loss of chance situation where hospital failed to have operable EKG and victim died of heart attack); Battista v. Olson (N.J. Super. Ct. 1986), 516 A.2d 1117, 1125 (substantial factor test applied and plaintiff had to prove “defendants’ negligent conduct *492 negated a substantial possibility that prompt rescue efforts would have been successful, thereby constituting a substantial factor in causing decedent’s death” in case over police failure to summon medical aid); KEETON, § 41 Supp. p. 44-45 (discussing how causation and burden of proof are confused in loss of chance cases). Further, loss of chance instructions allow for recovery by the plaintiff victim even when the plaintiff cannot meet the more likely than not burden of proof that the medical negligence caused the death. See Aasheim, 215 Mont. at 131-33, 695 P.2d at 827-28. Like the substantial factor test, the ultimate purpose of loss of chance instructions is to provide a causation test that will not allow defendants to unfairly escape liability. However, since a loss of chance instruction was not presented for review on appeal and is not included in the record of this case, that type of instruction is not at issue here.
¶75 As to the issue of whether a proper substantial factor type instruction was given, I conclude that the District Court erred. Under the applicable standard of review, as cited by the majority at ¶ 9, Janice must demonstrate prejudice by showing that the jury instructions in their entirety did not state the applicable law of the case. The majority’s statement at ¶ 25 that “[t]he delay in the arrival of the ambulance, standing alone, would not be sufficient to harm Ron,” ignores that the delay might in fact have been the cause of Ron’s death. I would hold that because Montana currently distinguishes between the but for test and the substantial factor test and because § 432(2) properly articulates the substantial factor test, the jury was not given instruction that properly defined the substantial factor test. Consequently, the jury instructions in their entirety did not state the applicable law of the case. Because causation was the only issue submitted to the jury, the instructions were critical to proper jury deliberations. Therefore, I would hold that this case must be reversed and remanded for a new trial with proper instructions.
¶76 I dissent.

This dissent is only focused on causation in fact. It does not address issues of legal cause, also called proximate cause, as that is not at issue (and is only at issue in intervening cause cases). See Busta v. Columbus Hosp. Corp. (1996), 276 Mont. 342, 916 P.2d 122.

In Rudeck the defendant doctor Wright who left a lap mat in Rudeck during surgery alleged intervening negligence by the hospital nurses for failure to count surgical sponges and by another doctor for failure to see the lap mat in Rudeck’s abdomen on a subsequent X-ray. However, after joining the nurses and doctor through cross claims, Wright also moved to sever the case into three separate trials; one regarding his negligence to the victim, one regarding the nurses’ negligence and one regarding the other doctor’s negligence. When Wright then sought a proximate cause instruction to address the intervening negligence of the severed parties, the trial court refused such an instruction because it had granted his motion to sever. This Court then affirmed holding that the nurses’ negligence was concurrent and the other doctor’s negligence was foreseeable. However, in discussing the jury instructions this Court contrasted the substantial factor instruction against a but for instruction rather than the proximate cause instruction put at issue by Wright. Rudeck, 218 Mont. at 44-46, 50-54, 709 P.2d at 623-24, 627-29.

Again, this dissent assumes proximate cause is not at issue.

Our opinion in Busta, 276 Mont. at 357-73, 916 P.2d at 131-41, was primarily addressed to the issue of proximate cause. However, while Busta clarifies previous case law with respect to proximate cause, it does not address the disparity in previous case law regarding causation in fact. Therefore Busta represents proper authority with respect to proximate cause in the cases cited in ¶ 12, but it does not clarify the variations in cause in fact instructions in those cases.

Janice and MTLA assert that § 432 in its entirety, including subsection (1) and subsection (2), should have been given to the jury. See ¶ 21 of the majority Opinion. At the same time, MPI 2.06A and 2.06B note that it is error for a District Court to give both a but for and a substantial factor instruction because the two tests are mutually exclusive alternatives. For purposes of this dissent, I assume Janice asserts only that § 432(2) should have been given to the jury. However, I note here that if language similar to § 432 is used so that it is clear to the jury that only one of two possible tests can apply, (i.e., subsection (1) applies in every case except where subsection (2) can apply), I would not hold it error to give both tests as instruction.

As the parties apparently agreed, the but for test is inadequate here because Ron’s preexisting condition might have been the cause as well as the City’s negligence. In other words, while one could ask the jury “but for the Citjf s negligence, would Ron have been saved,” the jury could conclude under this formulation that but for the City’s negligence, Ron might have died anyway.