No.   91-341

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

CARLENE DAGEL,

      Plaintiff and Appellant,

  -vs-

CHARLIS MANZER, individually, and in her official capacity,

      Defendant and Respondent.

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Elizabeth A. Best, Best Law Offices, Great Falls,
Montana.

      For Respondent:

          J. Dennis Moreen, Chronister, Driscoll & Moreen,
Helena, Montana;   J. David Slovak and Roger T.
Witt, Ugrin, Alexander, Zadick & Slovak, Great
Falls, Montana.

FILED

DEC 31 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on briefs:  November 8, 1991

Decided:   December 31, 1991

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff, Carlene Dagel, brought this action against Charlis Manzer to recover damages for wrongful discharge, negligent and intentional infliction of emotional distress, and violation of 42 U.S.C. § 1983. Ms. Manzer moved to dismiss the complaint on the basis of res judicata and also on the grounds that the wrongful discharge and emotional distress claims were barred by the statute of limitations. The District Court for the Eighth Judicial District, Cascade County, granted Ms. Manzer's motion and dismissed the complaint. Plaintiff appeals. We affirm in part and reverse in part.

The issues for our review are:

1. Did the District Court err in concluding that the wrongful discharge action was barred by the statute of limitations pursuant to § 39-2-911, MCA?

2. Did the District Court err in concluding that emotional distress damages are not recoverable under § 39-2-905, MCA?

3. Did the District Court err in concluding that the doctrine of res judicata barred plaintiff's claims brought under 42 U.S.C. § 1983?

Plaintiff, Carlene Dagel, was employed as a clerk by the City of Great Falls. Charlis Manzer was plaintiff's immediate supervisor. On October 24, 1990, plaintiff filed the present action against Ms. Manzer in her individual and official capacities. She sought to recover damages for wrongful discharge, violation of her constitutional rights, and intentional and negligent infliction of emotional distress. Plaintiff contended

2

that she was subjected to continual harassment by Ms. Manzer in the form of purported counsellings and reprimands. Because this was the second action filed by plaintiff, we will refer to it as Dagel II.

On February 16, 1988, plaintiff filed Dagel I which was a complaint against the City of Great Falls. Plaintiff claimed damages on the same basis as set forth in Dagel II. In Dagel I, plaintiff moved for summary judgment and also moved to join Ms. Manzer as a defendant in the case which at that time named the City of Great Falls as the only defendant. The City responded by filing a cross motion for summary judgment. The District Court granted the City's motion for summary judgment. Plaintiff then moved to amend judgment or grant a new trial of Dagel I, but that motion was denied. She then filed an appeal. That appeal resulted in the opinion in Dagel v. City of Great Falls (Mont. 1991), ___ P.2d ___, 48 St.Rep. 919. We will make further reference to the holdings of this Court in our opinion in Dagel I.

Ms. Manzer moved the District Court to dismiss Dagel II based on res judicata, or in the alternative, based upon certain provisions of the Wrongful Discharge from Employment Act. The District Court granted Ms. Manzer's motion to dismiss. Plaintiff appeals.

## I and II

We will discuss issues I and II together.

Did the District Court err in concluding that the wrongful discharge action was barred by the statute of limitations pursuant to § 39-2-911, MCA; and that emotional distress damages are not

3

recoverable under § 39-2-905, MCA?

The District Court found that plaintiff had conceded that the wrongful discharge and emotional distress claims were barred by application of the Wrongful Discharge from Employment Act. Therefore, these issues were not properly preserved for appeal. It is well established Montana law that an issue cannot be raised for the first time on appeal.

We hold that plaintiff's wrongful discharge and emotional distress claims are not properly before this Court and the District Court was correct in dismissing those claims. In Dagel I this Court held that the plaintiff should be allowed to join Ms. Manzer as a party defendant under Rules 19 and 20, M.R.Civ.P. Dagel I, 48 St.Rep. at 924. The determination of issues I and II in Dagel II are not res judicata for retrial in Dagel I.

### III

Did the District Court err in concluding that the doctrine of res judicata barred plaintiff's claims brought under 42 U.S.C. § 1983?

In its review of the plaintiff's complaint in the present case of Dagel II, the District Court considered the holding in Dagel I and concluded that res judicata applied and therefore barred plaintiff's § 1983 claim in this Dagel II action. We do not agree with that conclusion.

In Dagel I the District Court considered the motion for summary judgment, together with the facts presented by all parties in connection with that motion and reached the conclusion that the City of Great Falls was not liable for a § 1983 claim based on a

4

respondeat superior relationship with Ms. Manzer.

In contrast, <u>Dagel II</u> was considered by the District Court on a motion to dismiss for failure to state a claim upon which relief could be granted under Rule 12(b), M.R.Civ.P. Unless the motion had been converted to a motion for summary judgment as provided in Rule 12(b), such a motion under Rule 12(b)(6) was limited to a consideration of the pleadings. In addition, we point out that Ms. Manzer was not a party to <u>Dagel I</u> and as a result, neither the plaintiff nor Ms. Manzer was able to present all of the facts and theories regarding the claim against Ms. Manzer. We conclude that in the complaint in <u>Dagel II</u> plaintiff has sufficiently alleged a § 1983 claim against Ms. Manzer. We further conclude it is not appropriate to apply the holding from <u>Dagel I</u> as res judicata on this issue.

We hold that plaintiff's claim under 42 U.S.C. § 1983 is not barred by res judicata against Ms. Manzer. <u>Dagel I</u> was remanded to the District Court in order that the plaintiff could join Ms. Manzer as a party defendant.

Affirmed in part and reversed in part.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

5

_William E Hunt Sr_

_Tom Trieweiler_

_H.C. McDaniel_

Justices

December 31, 1991

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Elizabeth A. Best
BEST LAW OFFICES
P.O. Box 2114
Great Falls, MT 59403

J. Dennis Moreen, Esq.
CHRONISTER, DRISCOLL & MOREEN, P.C.
208 North Montana Avenue
Helena, MT 59601

J. David Slovak, Esq.
Roger T. Witt, Esq.
UGRIN, ALEXANDER, ZADICK & SLOVAK, P.C.
P.O. Box 1746
Great Falls, MT 59403-1746

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy