No.   95-179

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

TRUSTEES OF FRAZER PUBLIC SCHOOL
DISTRICT NO. 2-2B,

    Appellant/Respondent and Respondent,

    -v-

PATRICIA C. BIRD,

    Respondent/Cross-Appellant Appellant.

APPEAL FROM:  District Court of the Seventeenth Judicial District,
              In and for the County of Valley,
              The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           Patricia C. Bird, Wolf Point, Montana, pro se

       For Respondent:

           James Rector, Glasgow, Montana; Robert J. Savage,
           Sidney, Montana

**FILED**

Filed:

AUG 24 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  August 17, 1995

          Decided:  August 24, 1995

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Patricia C. Bird (Bird), pro se, appeals from the March 8, 1995, order of the Seventeenth Judicial District Court, Valley County, granting the Frazer Public School District No. 2-2B Trustees' (Trustees) motion to dismiss. We affirm.

Before the District Court was Bird's cross-appeal from the February 16, 1994, Decision and Order of Nancy Keenan, Superintendent of Public Instruction (Keenan) in which Keenan upheld the Valley County Superintendent's findings that the Trustees improperly terminated Bird from her position as a non-certified teacher's aide in violation of the school district's written policy and ordered her reinstatement. Bird cross-appealed Keenan's Decision and Order,

> to the extent that said Decision and Order (1) does not provide that Ms. Bird is entitled to lost earnings from March 23, 1992, to the date of reinstatement of her employment and (2) denies her request for attorney fees for her appeal and such other actions as may be necessary to enforce said Decision and Order.

Citing our decision in Harris v. Bauer (1983), 206 Mont. 480, 672 P.2d 26, the District Court dismissed with prejudice Bird's appeal on the basis that neither the Valley County Superintendent nor Keenan had addressed or determined any issues regarding Bird's entitlement to "back pay" or attorney fees.

Our review of the District Court's conclusions of law is plenary. We simply determine whether the trial judge's interpretation of the law is correct. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603. In

2

Harris, we held that the district court was subject to the Administrative Procedure Act, § 2-4-704, MCA, in its judicial review of contested cases, in effect, sitting as a lower appellate tribunal, basing its conclusions on the printed record. Harris, 672 P.2d at 32, (citing Yanzick v. School Dist. No. 23, etc. (1982) 196 Mont. 375, 387-88, 641 P.2d 431, 438-39.) We also held that the trial court can review only those issues determined by the State Superintendent, which, in turn, reviews only those issues determined by the County Superintendent. Harris, 672 P.2d at 32.

Here, neither the Valley County Superintendent nor Keenan addressed or determined any issues regarding Bird's entitlement to "back pay" or attorney fees. Accordingly, pursuant to our decision in Harris, we hold that the District Court properly concluded that it was without jurisdiction to entertain Bird's appeal and that it correctly dismissed her appeal with prejudice.

On appeal to this Court Bird attacks the District Court's decision by arguing issues that were never raised in the District Court appeal, including the applicability of the Montana Wrongful Discharge from Employment Act and claims of blacklisting, conspiracy, emotional distress and punitive damages. It requires no lengthy recitation of authority that we will not address issues and matters raised for the first time on appeal to this Court. Dagel v. Manzer (1991), 251 Mont. 176, 178, 823 P.2d 874, 875-76. Bird failed to preserve the issues she now raises on appeal in any of the proceedings before the lower tribunals. Accordingly, we will not address those here.

3

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4