No. 98-654

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 160

295 Mont. 139

983 P.2d 348

VICKEY JEAN SPINLER,

Plaintiff and Appellant,

v.

MELANIE CAROL ALLEN,

Defendant and Respondent.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert G. Olson; Frisbee, Moore & Olson, Cut Bank, Montana

For Respondent:

Daniel W. Hileman; Kaufman, Vidal & Hileman, Kalispell, Montana

Submitted on Briefs: March 25, 1999

Decided: July 8, 1999

Filed:

No

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. Vickey Jean Spinler (Spinler) appeals from the judgment entered by the Eleventh Judicial District Court, Flathead County, on a jury verdict in favor of Melanie Carol Allen (Allen). We affirm.**

**¶2. Spinler raises the following issues:**

**¶3. 1. Did the District Court err in denying Spinler's motion for partial summary judgment on the issue of liability?**

**¶4. 2. Did the District Court abuse its discretion in excluding evidence that Allen was cited for failure to yield the right-of-way after the accident?**

**¶5. 3. Did the District Court abuse its discretion in allowing testimony regarding Spinler's driving speed immediately prior to the accident?**

**¶6. 4. Did the District Court abuse its discretion in refusing Spinler's offered instruction that the jury disregard evidence of the speed at which Spinler was driving prior to the accident?**

## BACKGROUND

**¶7. This case arose from a two-vehicle accident which occurred at the intersection of 1st Avenue East North (1st Avenue) and East Idaho Street (East Idaho) in Kalispell, Montana, at approximately 12:45 p.m. on August 6, 1992. East Idaho, also known as Highway 2, consists of two eastbound and two westbound lanes of traffic and a center**

turn lane. 1st Avenue runs in a north-south direction and is controlled by stop signs where it intersects East Idaho.

¶8. Allen approached the intersection traveling south on 1st Avenue and stopped her truck at the stop sign with the westbound lanes of East Idaho nearest her. The westbound lanes were backed up, with cars stopped on both sides of the intersection, but space was left for a vehicle southbound on 1st Avenue to enter the intersection. Allen waited at the stop sign while a number of cars in the eastbound lanes of East Idaho drove past and then, seeing no other vehicles in the eastbound lanes, proceeded through the intersection. She crossed both westbound lanes, the center turn lane and the first of the eastbound lanes. Spinler was traveling in the outside eastbound lane of East Idaho and, as Allen crossed that lane, the left front of Spinler's vehicle collided with the passenger-side door of Allen's truck.

¶9. Spinler filed an action against Allen to recover damages for injuries she allegedly suffered as a result of the accident. Her complaint alleged that Allen had been negligent in failing to yield the right-of-way at the stop sign and that Allen's negligence was the cause of the accident. In her answer, Allen denied she had acted negligently and asserted that Spinler had been negligent. The parties conducted substantial discovery.

¶10. Spinler subsequently moved for partial summary judgment on the issue of liability, asserting the absence of genuine issues of material fact regarding Allen having breached her § 61-8-341(1), MCA, duty to yield the right-of-way and that the statutory violation constituted negligence as a matter of law. She further asserted the absence of genuine issues of material fact regarding her own negligence, contending that--as the favored driver under the right-of-way statute--she had the right to rely on Allen's compliance with the statute, she was not required to anticipate Allen's violation of the statute and the manner in which she operated her vehicle, including her driving speed, was not a proximate cause of the collision. Allen responded that there were genuine issues of material fact regarding which party had the duty, pursuant to § 61-8-341(1), MCA, to yield the right-of-way and whether Spinler was negligent for speeding and failing to keep a proper lookout for other traffic.

¶11. The District Court concluded generally that genuine issues of material fact existed which precluded summary judgment and, specifically, that the deposition testimony of Spinler and her passenger, Tammy Waritz (Waritz), conflicted

concerning Spinler's ability to see the accident scene and Allen's approaching vehicle. It denied Spinler's motion accordingly.

¶12. The case proceeded to trial. Spinler maintained that, as the driver on the through street, she had the primary right to proceed through the intersection and that Allen was negligent for violating her statutory duty to yield the right-of-way to oncoming traffic at the stop sign. Allen maintained that her statutory duty to yield never arose because, at the time she entered the intersection, Spinler was not close enough to constitute an immediate hazard. Allen further asserted that, once she entered the intersection, § 61-8-341(1), MCA, imposed a duty on Spinler to yield the right-of-way, which Spinler failed to do. Finally, Allen argued that Spinler was negligent by speeding and not paying attention to the traffic around her. The jury found that Allen was not negligent. The District Court entered judgment on the verdict and Spinler appeals.

## DISCUSSION

¶13. 1. Did the District Court err in denying Spinler's motion for partial summary judgment on the issue of liability?

¶14. We review a district court's ruling on a motion for summary judgment *de novo*, applying the same criteria applied by the district court. Montana Metal Buildings, Inc. v. Shapiro (1997), 283 Mont. 471, 474, 942 P.2d 694, 696 (citation omitted). In that regard,

[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c), M.R.Civ.P.

¶15. The party moving for summary judgment has the initial burden of establishing the absence of any genuine issue of material fact which would allow the nonmoving party to recover and entitlement to judgment as a matter of law. Montana Metal

**Buildings, 283 Mont. at 474, 942 P.2d at 696. If this burden is met, the party opposing summary judgment must come forward with substantial evidence raising a genuine issue of material fact precluding summary judgment. Montana Metal Buildings, 283 Mont. at 474, 942 P.2d at 696. "Material issues of fact are identified by looking to the substantive law which governs the claim." McGinnis v. Hand, 1999 MT 9, ¶ 6, 972 P.2d 1126, ¶ 6, 56 St. Rep. 39, ¶ 6.**

**¶16. Summary judgment is an extreme remedy and should never be substituted for trial if a material factual controversy exists. Montana Metal Buildings, 283 Mont. at 474, 942 P.2d at 696. Furthermore, reasonable inferences which might be drawn from the evidence presented should be drawn in favor of the nonmoving party. Montana Metal Buildings, 283 Mont. at 474, 942 P.2d at 696.**

**¶17. As stated above, the District Court determined that a number of genuine issues of material fact existed, one of which arose from Spinler's and Waritz's conflicting deposition testimony as to whether Spinler could see the accident scene and Allen's oncoming vehicle. Spinler concedes the existence of this factual issue, but asserts that it is not material in light of the absence of genuine issues of material fact that Allen breached her § 61-8-341(1), MCA, duty to yield to through traffic. Section 61-8-341 (1), MCA, provides that**

[t]he driver of a vehicle shall stop [at a stop sign] at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.

**¶18. Spinler contends that, as the driver on the through street approaching the intersection, she was the favored driver under the statute and Allen was required to yield the right-of-way to her. She further contends that the favored driver at an intersection has the right to rely on the disfavored driver's compliance with the traffic statute and is not required to anticipate a violation of the statute. On this basis, she argues that her ability to see the intersection and Allen's vehicle is not a material fact which would preclude summary judgment in her favor. She cites Roe v. Kornder-Owen (1997), 282 Mont. 287, 937 P.2d 39, in support of her argument and**

asserts that the facts of the present case are substantially similar to the facts in <u>Roe</u>.

¶19. In <u>Roe</u>, the plaintiff stopped at a stop sign controlling an intersection with a multi-lane through highway. The plaintiff observed the defendant's vehicle approximately one-half block away, approaching the intersection on the through highway. Determining that she had ample time to cross the intersection, the plaintiff proceeded forward and the two vehicles collided. <u>Roe</u>, 282 Mont. at 289, 937 P.2d at 40-41. The defendant moved for summary judgment, arguing that the plaintiff, as the disfavored driver at the intersection, had a statutory duty to yield the right-of-way to the defendant, failed to so yield and, consequently, was the negligent party. In response, the plaintiff argued that there were several genuine issues of material fact precluding summary judgment, including whether the defendant maintained an adequate lookout for oncoming traffic. <u>Roe</u>, 282 Mont. at 289, 937 P.2d at 41.

¶20. We affirmed the district court's grant of summary judgment to the defendant, holding that, based on the facts of the case, the plaintiff had failed her § 61-8-341, MCA, duty to yield the right-of-way to the defendant and was negligent as a matter of law. <u>Roe</u>, 282 Mont. at 292, 937 P.2d at 42-43. In so holding, we stated that the favored driver under the right-of-way statute has the right to assume that the disfavored driver will yield as required and is not negligent for failing to anticipate an injury which could only result from another's violation of the law. <u>Roe</u>, 282 Mont. at 292, 937 P.2d at 42. In light of the plaintiff's clear violation of the right-of-way statute, we concluded that the issue of whether the defendant maintained an adequate lookout for oncoming traffic was not sufficiently material to preclude summary judgment. <u>Roe</u>, 282 Mont. at 292, 937 P.2d at 42.

¶21. While Spinler correctly cites <u>Roe</u>'s general proposition that the favored driver at an intersection has the right to rely on the disfavored driver's compliance with the right-of-way statute, <u>Roe</u> does not support her argument here. We observe at the outset that Spinler fails to note our additional statements of law in <u>Roe</u> that the favored driver at an intersection cannot ignore obvious dangers by blindly relying on her right-of-way, but must maintain a proper lookout and use reasonable care. <u>Roe</u>, 282 Mont. at 291-92, 937 P.2d at 42 (citations omitted). The defendant's compliance with these rules of law was not material for purposes of summary judgment under the specific facts presented in <u>Roe</u>. The facts of the present case, however, are distinguishable from those in <u>Roe</u>.

¶22. In <u>Roe</u>, we essentially concluded, based on the plaintiff's testimony that the defendant's vehicle was only one-half block from the intersection when she attempted to cross, that the defendant was so close as to constitute an immediate hazard, creating a duty on the plaintiff's part to yield the right-of-way. The plaintiff's failure to comply with this duty constituted negligence as a matter of law and made the issue of whether the defendant maintained an adequate lookout immaterial. <u>Roe</u>, 282 Mont. at 292, 937 P.2d at 42. Unlike the defendant in <u>Roe</u>, however, Spinler has not presented any evidence regarding the location of her vehicle at the time Allen entered the intersection and, as a result, it cannot be determined as a matter of law that Allen's statutory duty to yield ever arose.

¶23. In support of her motion, Spinler submitted her deposition, as well as the depositions of Waritz, her passenger, and Allen. Spinler testified in her deposition that she did not see Allen's vehicle until moments before the collision. Similarly, Allen testified that she did not see Spinler's vehicle until a couple of seconds before the impact. Waritz testified that she saw Allen's vehicle stopped at the stop sign at the intersection of 1st Avenue and East Idaho when Spinler's vehicle turned right onto East Idaho one block away from that intersection. Waritz then looked away and did not see Allen's vehicle again until several seconds before the collision.

¶24. On the evidence submitted, it is clear that Allen stopped at the stop sign and yielded to other vehicles which had entered the intersection, as required by § 61-8-341 (1), MCA. The remaining question was whether Spinler's vehicle was "approaching so closely . . . as to constitute an immediate hazard . . . ." <u>See</u> § 61-8-341(1), MCA. If so, the statute required Allen to yield and not enter the intersection; if not, however, Allen was entitled to proceed and Spinler was required to yield the right-of-way to Allen. <u>See</u> § 61-8-341(1), MCA.

¶25. None of the three deponents testified to the location of Spinler's vehicle at the moment Allen proceeded into the intersection. Absent such evidence, Spinler cannot establish the absence of genuine issues of material fact that her vehicle was so close to the intersection as to constitute an immediate hazard, thereby creating a duty on Allen's part under § 61-8-341, MCA, to yield the right-of-way. As a result, it cannot be determined as a matter of law that Spinler was the favored driver and her argument that she had a right to rely on Allen's compliance with the statute fails. We conclude that Spinler failed to meet her burden of establishing the absence of genuine issues of material fact with regard to Allen's violation of the statutory duty

to yield the right-of-way.

¶26. We hold that the District Court did not err in denying Spinler's motion for partial summary judgment on the issue of liability.

¶27. 2. Did the District Court abuse its discretion in excluding evidence that Allen was cited for failure to yield the right-of-way after the accident?

¶28. Prior to trial, Allen moved *in limine* to exclude evidence that she received a citation for failure to yield the right-of-way, in violation of § 61-8-341, MCA, after the accident. She relied on Montana cases holding that evidence regarding the issuance of a criminal citation is inadmissible in a subsequent civil case. Spinler responded that Allen had pled guilty to the citation in Kalispell City Court (City Court) and cited to cases from other jurisdictions holding that, where a party has pled guilty to the cited offense, evidence of the citation is admissible in a civil proceeding. The District Court concluded that Spinler had not established that Allen actually pled guilty to the traffic offense of failure to yield the right-of-way and granted Allen's motion to exclude the evidence. Spinler asserts error.

¶29. A district court's ruling on a motion *in limine* is an evidentiary ruling. See McGillen v. Plum Creek Timber Co., 1998 MT 193, ¶¶ 35-36, 964 P.2d 18, ¶¶ 35-36, 55 St. Rep. 808, ¶¶ 35-36. A district court has broad discretion in determining whether evidence is relevant and admissible and we will not overturn its determination absent an abuse of that discretion. McGillen, ¶ 35.

¶30. Spinler asserts on appeal, as she did in the District Court, that Allen pled guilty to the cited offense in City Court. From that premise, she urges us to conclude, as have courts in a number of other jurisdictions, that a guilty plea to a traffic offense is admissible in a civil proceeding.

¶31. We begin by reviewing the record to determine whether it establishes that Allen pled guilty to the traffic offense. Spinler submitted a copy of the citation charging Allen with failure to yield the right-of-way in violation of § 61-8-341, MCA, and requesting Allen to appear in the Kalispell City Court on August 12, 1992. Spinler also submitted a copy of the City Court criminal docket which reflected that Allen's appearance and arraignment date was August 17, 1992. Typed on the docket form

**under the heading "SENTENCE" is the following:**

FAIL TO YIELD THE RIGHT OF WAY - FINED $65.00

EXPIRED REGISTRATION - $40.00

TOTAL DUE - $105.00

The blank lines following the headings "Judgement Amount Received," "Receipt No." and "Date" are filled in and the form is signed by the City Judge. However, the portions of the docket reflecting "Rights given" and advisement of the rights to a trial and to plead guilty are left blank, and the signature line for "Defendant" is not signed. Nothing in the docket affirmatively indicates that Allen entered a guilty plea to the traffic offense. Moreover, Allen testified in her deposition that she appeared in City Court and paid the fine, but could not remember whether she entered a guilty plea.

**¶32. While the City Court record may suggest--via use of the terms "sentence," "fined" and "Judgement Amount Received"--that Allen pled guilty, it does not establish that she did so. Indeed, the blank lines following the advisements of the defendant's rights and the blank signature line make it equally likely, as the District Court determined, that Allen merely appeared in City Court and, essentially, forfeited bond in payment of the fine without contesting the merits of the citation. Based on the record before us, we agree with the District Court that Spinler failed to establish that Allen pled guilty in City Court to the offense of failure to yield the right-of-way. As a result, the premise underlying Spinler's argument fails and we need not consider cases from other jurisdictions holding that a guilty plea to a traffic offense is admissible in a civil proceeding.**

**¶33. We hold that the District Court did not abuse its discretion in excluding evidence that Allen was cited for failure to yield the right-of-way after the accident.**

**¶34. 3. Did the District Court abuse its discretion in allowing testimony regarding Spinler's driving speed immediately prior to the accident?**

**¶35. Spinler testified at trial regarding the severity of the impact with Allen's vehicle**

and the damage to her vehicle from the collision, stating "[i]t was like I hit a brick wall going, like, 25." On cross-examination, Allen's counsel questioned Spinler about prior statements that, immediately before the collision, she was driving 30 or 35 miles per hour (m.p.h.), rather than only 25 m.p.h., which is the posted speed limit on East Idaho in the area where the collision occurred. Spinler objected to the line of questioning. The District Court overruled Spinler's objection and allowed the testimony. Spinler asserts error.

¶36. Allen argues that Spinler failed to preserve this issue for appeal because she did not specify the basis of her objection in the District Court. In order to preserve an objection to the admission of evidence for appeal, the objecting party must make a timely and specific objection on the record. Rule 103(a)(1), M.R.Evid.; Kizer v. Semitool, Inc. (1991), 251 Mont. 199, 207, 824 P.2d 229, 234. An objection to evidence is sufficiently specific if it is accompanied by a reasonably definite statement of the grounds for the objection. Kizer, 251 Mont. at 207, 824 P.2d at 234. The failure to make a timely and specific objection constitutes a waiver of the claimed error on appeal. Kizer, 251 Mont. at 207, 824 P.2d at 234.

¶37. When Spinler was questioned on cross-examination regarding her driving speed, her counsel stated "Your Honor, I would object" and requested the District Court to grant a continuing objection. Spinler's counsel did not state any basis for the objection. While Spinler asserts that she filed a pretrial motion *in limine* seeking to exclude the speed evidence which set forth the grounds for her objection, the motion is not in the record, the pretrial order does not list the motion as a pending legal issue to be determined by the District Court and there is no record of Spinler requesting the court to rule on such a motion prior to trial.

¶38. Spinler also asserts that she made a detailed statement of her objections to admitting evidence of her driving speed on the record the day after the testimony was admitted. That statement, however, reflects only that she requested the court to instruct the jury that her driving speed prior to the accident was not to be considered in determining liability, a separate issue addressed below. Spinler did not advance a basis for the earlier objection to admission of the evidence regarding her driving speed or ask the court to reconsider the admission of that evidence. In any event, stating the grounds for an evidentiary objection a day after the objection was made would not constitute a timely and specific objection.

¶39. We conclude that Spinler failed to preserve for appeal the issue of the admissibility of evidence regarding her driving speed immediately prior to the accident.

¶40. **4. Did the District Court abuse its discretion in refusing Spinler's offered instruction that the jury disregard evidence of the speed at which Spinler was driving prior to the accident?**

¶41. During the settling of jury instructions, Spinler requested the District Court to instruct the jury that her driving speed immediately prior to the collision could not be considered as a substantial factor contributing as a cause of the collision. The District Court refused the instruction and Spinler asserts error.

¶42. A district court has broad discretion in instructing the jury. Schumacher v. Stephens, 1998 MT 58, ¶ 21, 288 Mont. 115, ¶ 21, 956 P.2d 76, ¶ 21 (citations omitted). Consequently, we will not reverse a district court's refusal of an offered jury instruction absent an abuse of that discretion. Schumacher, ¶ 21 (citations omitted).

¶43. On cross-examination, Spinler was questioned regarding her deposition testimony that she was driving 30 m.p.h. immediately prior to the collision. In addition, Spinler's physical therapist testified that, when discussing the origin of her injuries, Spinler stated she was driving 30 or 35 m.p.h. prior to the collision. Spinler asserts Allen presented no evidence that the likelihood of a collision would have been reduced if Spinler had been traveling at the speed limit and cites Roe for the proposition that, absent evidence that a driver's excess speed caused or contributed to a collision, evidence of speed is not considered a substantial factor in determining negligence. As a result, Spinler urges, the jury should have been instructed that speed was not to be considered as a substantial factor in causing the collision.

¶44. In Roe, the defendant moved for summary judgment on the issue of liability, asserting the absence of genuine issues of material fact regarding her negligence. In opposition to the motion, the plaintiff attempted to raise a genuine issue of material fact regarding the defendant's negligence through expert testimony that the defendant was exceeding the posted speed limit by 2 to 4 m.p.h. prior to the accident. Roe, 282 Mont. at 289-90, 937 P.2d at 41. We affirmed the district court's grant of

summary judgment, concluding the plaintiff had failed to present evidence raising a genuine issue of material fact that the defendant's speed contributed as a cause of the collision. Roe, 282 Mont. at 293, 937 P.2d at 43. As a result, even if the defendant exceeded the speed limit by 2 to 4 m.p.h., that fact was not material and did not satisfy the plaintiff's burden of raising a material factual issue. Roe, 282 Mont. at 293, 937 P.2d at 43.

¶45. Our holding in Roe was specific to the facts of that case. Roe, 282 Mont. at 294-95, 937 P.2d at 44. There, the plaintiff testified that she first observed the defendant's vehicle one-half block away from the intersection where the collision occurred and that it did not appear to be exceeding the speed limit at that point. Roe, 282 Mont. at 294, 937 P.2d at 44. Furthermore, when the plaintiff first observed the defendant's vehicle, the vehicle already was close enough to the intersection to constitute an immediate hazard requiring the plaintiff to yield the right-of-way. Consequently, in the short distance from where the defendant was first observed by the plaintiff to the point where the accident occurred, a difference of 2 to 4 m.p.h. may or may not have contributed as a cause of the collision. Roe, 282 Mont. at 295, 937 P.2d at 44. We concluded, on those facts, that the defendant's traveling only 2 to 4 m.p.h. in excess of the posted speed limit was not material for summary judgment purposes. Roe, 282 Mont. at 295, 937 P.2d at 44.

¶46. In the present case, however, there was no evidence as to the location of Spinler's vehicle at the time Allen entered the intersection, thus creating an issue of fact regarding whether Spinler was close enough to the intersection to constitute an immediate hazard and impose a duty on Allen to yield the right-of-way. Furthermore, there was evidence that Spinler was traveling at least 5--and possibly 10--m.p.h. in excess of the speed limit, a speed greater than that at issue in Roe. The unknown distance traveled by Spinler's vehicle, combined with greater speed, clearly distinguishes the facts of this case from those in Roe. Indeed, the present case is more analogous to Sweet v. Edmonds (1976), 171 Mont. 106, 555 P.2d 504, a case we distinguished in Roe. Roe, 282 Mont. at 293-94, 937 P.2d at 43.

¶47. In Sweet, the plaintiff stopped at a stop sign controlling an intersection with a four-lane through street. He looked in both directions for oncoming traffic, saw no cars and proceeded to make a right turn onto the through street. The defendant's vehicle, which was traveling on the through street, collided with the plaintiff's vehicle. The defendant testified that he was traveling approximately 30 m.p.h. in a 25

m.p.h. speed zone and did not see the plaintiff's vehicle until a second before the collision. Sweet, 171 Mont. at 107, 555 P.2d at 505. At trial, the defendant moved for a directed verdict, arguing that the plaintiff was negligent for failing to yield the right-of-way and the evidence was insufficient to show that any negligence by the defendant caused the collision; the district court granted the motion. Sweet, 171 Mont. at 107, 555 P.2d at 505.

¶48. On appeal, we concluded that, because neither party saw the other's vehicle prior to the collision and the defendant was speeding, it could not be determined as a matter of law that, when the plaintiff proceeded into the intersection, the defendant's vehicle was so close as to constitute an immediate hazard requiring the plaintiff to yield. As a result, the question of whether the plaintiff was negligent by failing to yield the right-of-way was a question for the jury. Sweet, 171 Mont. at 109, 555 P.2d at 506. We also concluded that it was improper to direct a verdict on the basis that the plaintiff had failed to prove a causal connection between the defendant's acts and the collision. Rather, the evidence that the defendant was

exceeding the speed limit and did not see the plaintiff's vehicle were factors which could have enabled the jury to reasonably find that the defendant's conduct was the proximate cause of the collision. Sweet, 171 Mont. at 109-10, 555 P.2d at 506.

¶49. The facts of the present case are substantially similar to those in Sweet. Allen testified that she stopped at the stop sign, determined that there were no vehicles approaching and entered the intersection. Neither Spinler nor Allen saw the other's vehicle until moments before the collision and there was evidence that Spinler was exceeding the speed limit. Based on our holding in Sweet, we conclude that Spinler's speed prior to the collision was a factor the jury was entitled to consider in determining whether Spinler's actions caused or contributed to the collision.

¶50. We hold that the District Court did not abuse its discretion in refusing Spinler's offered instruction that the jury disregard evidence of the speed at which Spinler was driving prior to the accident.

¶51. Affirmed.


/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER