No. 00-327

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 363N

ESTATE OF MARCUS THORNTON TOWNSEND

and ANNETTE TOWNSEND,

Plaintiffs and Appellants,

v.

MONTANA RAIL LINK, INC.,

a Montana corporation,

Defendant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Annette Townsend (pro se), Billings, Montana

For Respondent:

Ronald B. MacDonald, Datsopoulos, MacDonald & Lind, P.C.,

Missoula, Montana

Submitted on Briefs: November 16, 2000

Decided: December 28, 2000

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Plaintiff, Annette Townsend, brought this action individually and as personal representative of the Estate of Marcus Thornton Townsend in the District Court for the Thirteenth Judicial District in Yellowstone County to recover damages from the Defendant, Montana Rail Link, for negligently causing the death of Marcus Townsend. Following a hearing, the District Court granted Montana Rail Link's motion for summary judgment. Annette Townsend appeals the District Court's order. We affirm the judgment of the District Court.

¶3 The sole issue raised on appeal is whether the District Court erred when it granted summary judgment to the Defendant.

## FACTUAL BACKGROUND

¶4 Marcus Townsend died at approximately 9:00 p.m. on November 22, 1995, after he climbed an embankment and, while intoxicated, ended up on railroad tracks where he was struck by a train operated by Montana Rail Link in Billings, Montana.

¶5 In a Complaint filed November 20, 1998, Annette Townsend, individually and on behalf of Marcus Townsend's estate, alleged that Montana Rail Link's negligence was the cause of Marcus Townsend's death.

¶6 Following discovery, Montana Rail Link moved for summary judgment on the basis

that any state law negligence claims were preempted by federal law. After conducting a hearing, the District Court granted summary judgment in favor of Montana Rail Link. Annette Townsend now appeals the District Court's entry of summary judgment for Montana Rail Link.

## STANDARD OF REVIEW

¶7 Our standard of review of appeals from summary judgment is de novo. *Motarie v. Northern Montana Joint Refuse Disposal Dist*. (1995), 274 Mont. 239, 242, 907 P.2d 154, 156. We apply the same criteria which is applied by the district court pursuant to Rule 56 (c), M.R.Civ.P. *Spinler v. Allen*, 1999 MT 160, ¶ 14, 295 Mont. 139, ¶ 14, 983 P.2d 348, ¶ 14. The moving party must establish both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. *Hadford v. Credit Bureau of Havre, Inc*., 1998 MT 179, ¶ 14, 289 Mont. 529, ¶ 14, 962 P.2d 1198, ¶ 14. Once the moving party has met its burden, the opposing party must present material and substantial evidence, rather than mere conclusory or speculative statements, to raise a genuine issue of material fact. *Hadford,¶* 14.

## DISCUSSION

¶8 Did the District Court err when it awarded summary judgment to the Defendant?

¶9 Annette Townsend initially argued in District Court that the "Rail Link engine was operating at an excess rate of speed." The Complaint also generally alleged that "the federal statutes controlling railroad safety were not followed and, as a result of the defendant's negligence Marcus Thornton Townsend was killed." However, the only statutory basis alleged for the negligence claim was 49 U.S.C. § 20134 which provides, in part:

> To the extent practicable, the Secretary of Transportation shall maintain a coordinated effort to develop and carry out solutions to the railroad grade crossing problem and measures to protect pedestrians in densely populated areas along railroad rights of way.

¶10 On appeal, Annette Townsend appears to argue that 49 U.S.C. § 20134 requires the development of pedestrian pathways and crossings, especially in a densely populated area like Billings. Townsend further argues on appeal that Montana Rail Link violated their

own General Code of Operating Rules; that 49 U.S.C. § 20140 requires drug and alcohol testing of all employees after an accident; that 49 U.S.C. §§20151 and 20147 required additional steps to prevent trespass; and that counsel for Montana Rail Link violated Rules of Professional Conduct by asking embarrassing questions during discovery. However, as Respondents correctly point out, each of these claims, with the exception of the general allegation of excessive speed and Montana Rail Link's duty to provide pedestrian pathways pursuant to 49 U.S.C § 20134, has been raised on appeal for the first time. This Court has repeatedly refused to consider issues or theories raised for the first time on appeal. *Minervino v. Univ. of Montana* (1993), 258 Mont. 493, 495, 853 P.2d 1242, 1244.

¶11 The issue of Montana Rail Link's duty to provide pedestrian crossings, if raised at all, was only raised indirectly by reference to 49 U.S.C § 20134. Likewise, the General Code of Operating Rules may have been implicated during proceedings before the District Court. However, neither evidence nor authority was offered to demonstrate that Montana Rail Link breached a legal duty or standard of care. Therefore, neither claim raised a material issue of fact which precluded summary judgment.

¶12 The principle issue addressed by the District Court was the issue of excessive speed. The District Court's holding was based on the affidavit of Ted Hagemo, Montana Rail Link's Director of Training, Rules and Safety. This uncontroverted affidavit established that the federal classification for the track on which the engine was traveling was Class Four, which permits a maximum speed of 60 miles per hour. The engineer's report, uncontradicted by the Appellant, further established that the train was traveling at 45 miles per hour at the time of the accident, 15 miles per hour below the Federal Railroad Administration's restrictions for Class Four tracks.

¶13 The field of railroad safety is subject to federal regulation which, except for limited circumstances not present in this case, preempts state restrictions. *See* 49 U.S.C. § 20106. The Secretary of Transportation has established maximum allowable operating speeds at 49 C.F.R. § 213.9(a). Because these federal regulations preempt state restrictions, they also preempt common law claims that a train, while operating at a speed within federal limits, was negligently going too fast. *See CSX Transp. Inc. v. Easterwood* (1993), 507 U.S. 658, 113 S.Ct. 1732, 123 L.Ed.2d 387.

¶14 Nowhere has Townsend provided material and substantial evidence which would raise a genuine issue of material fact sufficient to preclude summary judgment. Furthermore, the Appellants do not challenge the District Court's conclusions of law. Therefore, we

affirm the judgment of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART