## LYNNE MURRAY ALBRIGHT,
### Plaintiff and Appellant,
### v.
## COMMUNITY, COUNSELING,
## and CORRECTIONAL SERVICES, INC.,
### Defendant and Respondent.

No. 99-635.
Submitted on Briefs August 16, 2001.
Decided December 18, 2001.
2001 MT 272.
307 Mont. 289.
37 P.3d 675.

For Appellant: **Bill Hanson**, Attorney at Law, Bozeman.

For Respondent: **Ross P. Richardson**, Henningsen, Vucurovich & Richardson, P.C., Butte.

JUSTICE TRIEWEILER delivered the Opinion of the Court.

¶1 The Plaintiff, Lynne Murray Albright, brought this action in the District Court for the Eighteenth Judicial District in Gallatin County to recover damages resulting from Community, Counseling, and Correctional Services, Inc., for its alleged breach of a contract to buy real property in Lewis and Clark County and breach of an oral contract to buy certain items of personal property. CCCS moved for summary judgment and the District Court granted that motion. It held that CCCS's offer to buy Albright's real property was contingent on obtaining financing and that no separate oral contract had been formed. Albright appeals from the judgment of the District Court. We affirm the District Court.

¶2 The sole issue presented on appeal is whether the District Court erred when it granted summary judgment to CCCS.

## FACTUAL BACKGROUND

¶3 In 1995, the Montana Department of Corrections issued a Request for Proposals from parties interested in contracting with the DOC for the operation of a pre-release facility in Lewis and Clark County. On June 26, 1995, the DOC offered the contract to CCCS.

¶4 On February 13, 1996, Albright and CCCS entered into a Buy-Sell Agreement for the purchase of Albright's real property known as the Upcountry Inn, which CCCS intended to convert to a pre-release facility. The Agreement specifically conditioned CCCS's offer to buy the Upcountry Inn on its ability to obtain financing:

Buyer's offer is contingent upon obtaining the financing specified herein. If financing cannot be obtained within the time set forth in the TIME FOR COMPLETION section, this offer is terminated and the earnest money will be refunded to the Buyer.

¶5 Although Norwest Investment Services submitted a financing proposal to CCCS, Norwest's willingness to finance the purchase was contingent upon CCCS's contract with DOC to provide pre-release services at the Upcountry Inn. On July 31, 1996, the DOC advised CCCS that it would not offer a contract for the operation of a pre-release center. Pursuant to the Agreement, CCCS's offer terminated thirty days later and Albright refunded the down payment.

¶6 At approximately the same time the Agreement was executed, the Executive Director of CCCS informed Albright of his need for furnishings at the facility. Apparently the Executive Director and Albright orally agreed that she would sell personal property listed on a "Sale List" to CCCS once the Upcountry Inn transaction was

complete.

¶7 Albright filed her Complaint in the District Court for the Eighteenth Judicial District in Gallatin County on August 4, 1998. She alleged breach of contract and sought damages caused by CCCS's refusal to purchase the Upcountry Inn. She also claimed breach of the oral contract to buy the property's furnishings. CCCS moved for summary judgment on both claims and the District Court granted the motion on September 7, 1999. The District Court subsequently entered judgment in favor of CCCS. Albright now appeals from that judgment.

## STANDARD OF REVIEW

¶8 Our standard of review of appeals from summary judgment is *de novo*. *Motarie v. Northern Montana Joint Refuse Disposal Dist.* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156. We apply the same criteria which is applied by the district court pursuant to Rule 56(c), M.R.Civ.P. *Spinler v. Allen*, 1999 MT 160, ¶ 14, 295 Mont. 139, ¶ 14, 983 P.2d 348, ¶ 14. The moving party must establish both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. *Hadford v. Credit Bureau of Havre, Inc.*, 1998 MT 179, ¶ 14, 289 Mont. 529, ¶ 14, 962 P.2d 1198, ¶ 14. Once the moving party has met its burden, the opposing party must present material and substantial evidence, rather than mere conclusory or speculative statements, to raise a genuine issue of material fact. *Hadford*, ¶ 14.

## DISCUSSION

¶9 Did the District Court err when it granted summary judgment to CCCS?

¶10 The essence of Albright's argument on appeal is that she produced evidence that CCCS obtained unconditional financing which thereby obligated CCCS to buy the Upcountry Inn. At the very least, according to Albright, the evidence concerning CCCS's ability to obtain financing presented an issue of fact which should have precluded summary judgment. Likewise, Albright contends that whether an oral contract was formed for the sale of personal property presented an issue of fact.

¶11 CCCS contends that Norwest's financing proposal was contingent on its contract with the DOC to operate a pre-release center at the Upcountry Inn. Because the DOC did not issue the contract, Norwest provided no financing. Consequently, CCCS's offer to purchase the Upcountry Inn terminated pursuant to the terms of the Agreement. CCCS further contends that the oral agreement to purchase furnishings was dependent on the sale of real property. When that contract failed, so did any oral agreement.

¶12 The District Court concluded that CCCS pursued but did not

obtain financing. Furthermore, the District Court concluded that the Agreement unambiguously included a contingency that excused performance by CCCS if it was unable to obtain financing. Because there was no issue of material fact regarding the availability of financing, the District Court held that the expressed condition of the Agreement was not met as a matter of law. Consequently, there was no separate contract for sale of personal property.

¶13 We agree with the District Court. The evidence produced by Albright did not raise an issue of fact sufficient to preclude summary judgment. Albright argues that she responded to CCCS's motion for summary judgment by presenting evidence that neither the Agreement nor Norwest's financing proposal mentioned any contingency based on CCCS's contract with the DOC despite the fact that CCCS included appropriate contingencies on prior occasions. Albright also points to CCCS's statement in a May 10, 1996, letter that it was "financially capable to fund this project with committed bank financing...."

¶14 However, in the reply brief in support of its motion for summary judgment, CCCS submitted the affidavit of Michael S. Olauson, Senior Vice President for Norwest Investment Services. He stated that Norwest submitted a financing proposal but did not make a commitment to finance the purchase. He further stated that Norwest's commitment to finance the purchase "hinged on CCCS being able to secure the contract with the State of Montana, to operate the site as a Pre-Release Center."

¶15 None of the evidence offered by Albright contradicts Olauson's affidavit. Mere denial, conclusory or speculative statements do not raise a genuine issue of material fact. *See Hadford,* ¶ 14. No question of fact existed with respect to the conditions for the Agreement. The Agreement conditioned formation of any contract to buy the Upcountry Inn on CCCS's ability to obtain financing. CCCS could not obtain financing without a contract from the DOC. Therefore, the District Court correctly concluded that CCCS's offer terminated pursuant to the plain language of the Agreement and that CCCS was entitled to summary judgment.

¶16 Because it is clear from Albright's own affidavit that any oral agreement to purchase the property's furnishings was contingent on purchase of the property, we conclude that the District Court also correctly decided that issue by summary judgment.

¶17 Accordingly, we affirm the judgment of the District Court.

CHIEF JUSTICE GRAY, JUSTICES REGNIER and COTTER concur.