No. 01-350

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 71N

ROBERT C. HUNGERFORD, SR., and
CLAUDIA S. HUNGERFORD,

        Plaintiffs and Appellants,

    v.

LANDO L. BRAS, DOROTHY M. BRAS, and
WALLY MASSIE,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and for the County of Sanders,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

            Robert C. Hungerford, Sr., and Claudia S. Hungerford (pro se), Superior, Montana

        For Respondents:

            James A. Manley, Manley Law Firm, Polson, Montana
(For Respondents Lando L. Bras and Dorothy M. Bras)

            Tia R. Robin, Kaufman, Vidal & Hileman, P.C., Kalispell, Montana
(For Respondent Wally Massie)

Submitted on Briefs:  January 24, 2002

Decided:   April 11, 2002

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    The Appellants, Robert C. and Claudia S. Hungerford, filed a complaint in the District Court for the Twentieth Judicial District in Sanders County in which they sought damages from the Respondents, Lando Bras, Dorothy Bras, and Wally Massie, for alleged misrepresentation and breach of a real estate contract. The Bras filed a counterclaim in which they sought to void the contract for deed and retake their real property. After a hearing, the District Court granted the Bras' motion for summary judgment. The Hungerfords' appeal from the District Court order granting summary judgment. We affirm the District Court.

¶3    We have restated the issues presented on appeal as follows:

¶4    1. Did the District Court err when it concluded that there was no genuine issue of material fact?

¶5    2. Did the District Court err when it refused to allow the Hungerfords to offer exhibits at the hearing?

¶6    3. Did the District Court err when it allowed Bras to call undisclosed witnesses at the hearing?

¶7   4.  Did the District Court err when it relied on the testimony of the Bras' witnesses?

FACTUAL BACKGROUND

¶8   Lando and Dorothy Bras owned a farm supply and gas station near Lone Pine, Montana.  In the spring of 1997, the Bras offered the property for sale through their real estate agent, Wally Massie.  On July 1, 1997, the Bras and the Hungerfords executed a Buy-Sell Agreement for the property and closing occurred on August 4, 1997.  The Hungerfords took possession of the real property following closing.

¶9   The Hungerfords had full access to the property and had ample opportunity to inspect the property prior to closing.  However, the Hungerfords did not hire a professional inspector.

¶10   The Hungerfords filed a complaint against the Bras and Massie on August 4, 1999.  The Hungerfords alleged breach of contract by Bras, misrepresentation by Bras and Massie, and conversion by Bras.  The Bras filed a counterclaim in which they alleged that the Hungerfords breached the contract for deed, primarily because the Hungerfords failed to make monthly payments and failed to pay real property taxes.

¶11  After prolonged delays created by the Hungerfords' ongoing bankruptcy proceedings, the Bras and Massie filed a motion for summary judgment and the District Court held a hearing on March 13, 2001.   The District Court granted summary judgment to the Respondents on April 17, 2001.  The Hungerfords appeal from the summary judgment order of the District Court.

¶12 The Hungerfords, appearing *pro se*, raise over 30 issues on appeal. Most of these, however, are not subsequently addressed in their brief, which is largely devoted to matters raised for the first time on appeal. We will not consider issues raised for the first time on appeal. *Dagel v. Manzer* (1991), 251 Mont. 176, 178, 823 P.2d 874, 875-76. Accordingly, we have restated the issues presented and address only those issues properly before this Court. Furthermore, because it does not appear that the Hungerfords have appealed that portion of the District Court's order which granted summary judgment to Respondent Massie, we now affirm that portion of the District Court order.

## STANDARD OF REVIEW

¶13 Our standard of review of appeals from summary judgment is *de novo*. *Motarie v. Northern Montana Joint Refuse Disposal Dist.* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156. We apply the same criteria which is applied by the district court pursuant to Rule 56(c), M.R.Civ.P. *Spinler v. Allen*, 1999 MT 160, ¶ 14, 295 Mont. 139, ¶ 14, 983 P.2d 348, ¶ 14. The moving party must establish both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. *Hadford v. Credit Bureau of Havre, Inc.*, 1998 MT 179, ¶ 14, 289 Mont. 529, ¶ 14, 962 P.2d 1198, ¶ 14. Once the moving party has met its burden, the opposing party must present material and substantial evidence, rather than mere conclusory or speculative statements, to raise a genuine issue of material fact. *Hadford*, ¶ 14.

## DISCUSSION

4

## ISSUE 1

¶14 Did the District Court err when it concluded that there was no genuine issue of material fact?

¶15 The Hungerfords' primary argument on appeal appears to be that the District Court erred when it granted summary judgment to the Respondents. The Hungerfords vaguely assert that issues of material fact should have precluded summary judgment. However, the Hungerfords do not provide this Court with any examples of the factual issues overlooked by the District Court. In fact, the District Court thoroughly addressed each of the Hungerfords' allegations and carefully referenced each of its Findings to undisputed documents or facts in the record. Consequently, we conclude that the District Court did not err when it concluded that no material issue of fact existed.

## ISSUE 2

¶16 Did the District Court err when it refused to allow the Hungerfords to offer exhibits at the hearing?

¶17 The Hungerfords contend that the District Court should have permitted them to file a "joint affidavit" and unspecified depositions and exhibits. We find no support for this contention in the record. The District Court filed all the documents offered by the Hungerfords, and even permitted the filing of additional pages of affidavits and depositions at the hearing. All the documents the Hungerfords offered to the District Court were admitted and there is no indication that the District Court did not review or consider these documents.

ISSUE 3

¶18 Did the District Court err when it allowed Bras to call undisclosed witnesses at the hearing?

¶19 The Hungerfords appear to argue that the District Court erred when it allowed the Bras to call "surprise witnesses" without submitting a witness list. The Bras note that no witness list was required and that the Hungerfords did not file a witness list before the hearing.

¶20 The transcript of the hearing clearly demonstrates that the Hungerfords called witnesses (Mr. and Mrs. Hungerford) and that the Bras called rebuttal witnesses to refute allegations made by those witnesses. Therefore, we conclude that the District Court did not err when it allowed the Bras to call rebuttal witnesses.

ISSUE 4

¶21 Did the District Court err when it relied on the testimony of the Bras' witnesses?

¶22 According to the Hungerfords, the Bras' witnesses were not credible and the District Court should not have relied on their testimony. The Hungerfords' contentions, however, are speculative, vague, unsupported assertions that have no basis in the record. Accordingly, we conclude that the District Court properly considered the testimony of Bras' witnesses.

¶23 In summary, there were no issues of fact before the District Court. The unsupported speculation of the Hungerfords does not raise an issue of material fact sufficient to preclude summary

judgment.  For these reasons, the order of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE