FILED

November 25 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0144

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2009 MT 406N

SILVER HILL FINANCIAL BAYVIEW
LOAN SERVICING, LLC, BAYVEIW
FINANCIAL MANAGEMENT CORP.,
BAYVIEW FINANCIAL, LP, BAYVIEW
LENDING GROUP, LLC, and
AZTECH MORTGAGE CORP.,

  Plaintiffs and Appellees,

  v.

THOMAS M. MOSSER,

  Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
               In and For the County of Gallatin, Cause No. DV 07-184C
               Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

       Thomas M. Mosser, (self-represented litigant); Bozeman, Montana

    For Appellees:

       David L. Charles, Kevin P. Heaney, Kenneth K. Lay; Crowley Fleck,
       PLLP; Helena, Montana

                              Submitted on Briefs:  November 4, 2009

                                        Decided:  November 25, 2009

Filed:

        _____
                          Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Thomas M. Mosser (Mosser) appeals from the order of the Eighteenth Judicial District Court, Gallatin County, denying his motion for partial summary judgment and granting summary judgment in favor of Silver Hill Financial, Bayview Loan Servicing, Bayview Financial, Bayview Financial Management and Bayview Lending Group (collectively Bayview-Silver Hill).

¶3 The issue on appeal is as follows:

¶4 1. Did the District Court properly enter summary judgment for Bayview-Silver Hill.

¶5 On or about August 14, 2006, Mosser, through Aztech Mortgage Corp., applied to Bayview-Silver Hill for a $1,000,000 refinancing loan on the Downtown Imperial Inn, which he owned through his company, Downtown Realty Investors (DRI). On August 18, 2006, Bayview-Silver Hill sent Mosser a "Conditional Pre-Approval Letter" indicating that he had been conditionally pre-approved for a $1,000,000 loan. Bayview-Silver Hill included a more personalized letter that also indicated their "intent to fund 70% or $1 million . . . ." Ultimately, however, Bayview-Silver Hill did not lend Mosser

2

one million dollars and on October 31, 2006, DRI, with Mosser personally guaranteeing DRI's indebtedness, executed an Adjustable Rate Promissory Note (Note) in favor of Silver Hill Financial, LLC in the total principle amount of only $852,000. As security for this indebtedness, DRI executed and delivered a Deed of Trust, encumbering the Downtown Imperial Inn, for the benefit of Silver Hill Financial, LLC. The Note, Deed of Trust and Guaranty were all assigned to Bayview Loan Servicing, LLC on October 31, 2006.

¶6 Ultimately, DRI and Mosser failed to make a single payment and did not meet their financial obligations under the Note. As a result, on March 21, 2007, Bayview Loan Servicing, LLC initiated this action and filed a Motion for Summary Judgment to foreclose the Deed of Trust and Security Agreement encumbering the Downtown Imperial Inn. In response, Mosser and DRI filed a Third-Party Complaint against Silver Hill, LLC, Bayview Financial, LP, Bayview Financial Management Corp., Bayview Lending Group, LLC and Aztech Mortgage Corp. premised on theories of fraud, negligent misrepresentation, rescission and negligence. On February 6, 2009, Mosser dissolved DRI and transferred the Downtown Imperial Inn and property back to himself. On February 17, 2009, the District Court entered summary judgment on Bayview Loan Servicing, LLC's Verified Complaint for Foreclosure. On March 2, 2009, the District Court entered its Order, Final Judgment and Decree of Foreclosure and granted summary judgment for Silver Hill and the remaining Bayview Third-Party Defendants. Additional facts are discussed below as relevant.

¶7 On appeal, Mosser argues that the District Court erred in granting summary judgment in favor of Bayview-Silver Hill. Mosser maintains that Bayview-Silver Hill fraudulently misrepresented to him that they would loan him one million dollars, but then funded a loan of only $852,000. He maintains that the District Court improperly excluded evidence of this alleged fraud and negligent misrepresentation including such relevant documents as the "Conditional Pre-Approval" letters indicating Bayview-Silver Hill's intent to finance one million dollars. Mosser asserts that under the fraud exception to the Parol Evidence Rule, the District Court should have allowed him to present extrinsic evidence to establish that Bayview-Silver Hill committed fraud. In short, Mosser argues that, in excluding the relevant evidence of fraud, the District Court misapplied the Parol Evidence Rule and Merger Doctrine and therefore, improperly granted summary judgment.

¶8 Bayview-Silver Hill counters that the fraud exception to the Parol Evidence Rule does not apply because the alleged fraud directly contradicts the written loan documents. Basing their argument on this Court's holding in *Sherrod, Inc. v. Morrison-Knudsen Co.*, 249 Mont. 282, 815 P.2d 1135 (1991), Bayview-Silver Hill contends that the fraud exception that would allow Mosser to enter extrinsic evidence "only applies when the alleged fraud does not relate directly to the subject of the contract." Under *Sherrod*, Bayview-Silver Hill maintains that evidence of an agreement for a one million dollar loan, such as the "Conditional Pre-Approval" letters, are inadmissible because they directly contradict the actual loan documents for an $852,000 loan. Without that

evidence, Bayview-Silver Hill argues that there is no genuine issue of material fact in dispute and that the District Court properly granted summary judgment in their favor.

¶9 We review a district court's ruling on a motion for summary judgment de novo, applying the same criteria applied by the district court. *Spinler v. Allen*, 1999 MT 160, ¶ 14, 295 Mont. 139, 983 P.2d 348. Under this analysis, summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Natl. Cas. Co. v. Am. Bankers Ins. Co. of Fla.*, 2001 MT 28, ¶ 13, 304 Mont. 163, 19 P.3d 223.

¶10 In relevant part § 28-2-905, MCA, provides that "whenever the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms" and as a result, "there can be . . . no evidence of the terms of the agreement other than the contents of the writing . . . except . . . to establish illegality or fraud." Here, the parties vigorously dispute the applicability of the fraud exception that would allow Mosser to present evidence of Bayview-Silver Hill's alleged fraud and misrepresentation. While the District Court granted summary judgment on the basis that the fraud exception does not apply, we determine that such a conclusion is not required in order to affirm the District Court's disposition of this case.

¶11 Even assuming arguendo, that Mosser could, under the fraud exception, present evidence of alleged misrepresentations Bayview-Silver Hill made with respect to a one million dollar loan, that evidence would be insufficient to avoid summary judgment. "Actual fraud consists of 'acts committed by a party to the contract . . . with intent to deceive another party thereto or to induce him to enter into the contract.'" *Richards v.*

5

*JTL Group, Inc.*, 2009 MT 173, ¶ 40, 350 Mont. 516, 212 P.3d 264 (citing § 28-2-405, MCA). Here, even with the evidence Mosser argues should be considered under the fraud exception, there is no evidence of deceit. The evidence Mosser points to in support of his fraud argument, such as the "Conditional Pre-Approval" letters, make it clear that the one million dollar figure "[did] not constitute a loan approval." The correspondences addressing a one million dollar loan, clearly explained that "Conditional Pre-Approval does not constitute a loan approval and is instead a preliminary assessment of your current creditworthiness." Rather than supporting an argument for fraud, the evidence Mosser wishes to present here shows that Bayview-Silver Hill made it clear from the start that the financing of a one million dollar loan was conditional and depended on final approval. As such, even if the District Court should have considered this evidence under the fraud exception, Mosser cannot succeed on his allegations of fraud. Consequently, we conclude that the District Court properly granted summary judgment in favor of Bayview-Silver Hill.

¶12 Having reviewed the record, the District Court's decision and the parties' arguments on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the record supports the

District Court's denial of Mosser's motion for partial summary judgment and granting of summary judgment in favor of Bayview-Silver Hill.

¶13    Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE